In the Matter of the Application of JOHN P. QUINN, Petitioner, for an Order against DANIEL W. STREETER and Others, Civil Service Commissioners of the City of Buffalo, Respondents.

Supreme Court, Erie County, October 2, 1940.

*Thomas J. O'Donnell,* for the petitioner.

*David Diamond, Corporation Counsel [Andrew P. Ronan* of counsel], for the respondents.

HINKLEY, J. This is an application brought under article 78 of the Civil Practice Act. That article is sufficiently comprehensive to provide for the review and mandate which petitioner seeks. Doubtless the article came into being to obviate the errors and confusion that for years existed between the remedies of certiorari and mandamus. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92, 101.)

Petitioner asks for a review of the determination of the civil service commission in refusing to allow the appeal of the petitioner from a determination of such commission. Petitioner also seeks a final order annulling such determination and requiring the commission to place petitioner's name on the eligible list and certify the same. Petitioner also asks for an order restraining such commission from forwarding any lists for captain to the commissioner of police until final determination hereof. The last request is apparently academic, as no temporary order was sought or granted and the papers disclose that such list has been furnished and one appointment made therefrom.

Certain facts are not in dispute. Petitioner entered the regularly designated civil service examination for captain of police of the city of Buffalo. The commission presented to the applicants in that examination, including petitioner, a series of written questions prepared by a disinterested party, one Walter F. Hofheins, an attorney at law. Respondents employed said Hofheins to examine the answers to such questions and he rated petitioner below the mark essential to eligibility. The commission approved of the determination of examiner Hofheins and notified petitioner that he had failed in the examination. Petitioner appealed twice to the commission, and each time the appeal was referred to said examiner Hofheins who had framed the questions and determined the correctness of the answers. One slight credit was given to petitioner by said examiner, but that was not sufficient to raise petitioner's rating above the qualifying mark. Examination of the communications of said examiner Hofheins to the commission in answer to petitioner's appeals discloses that although the same questions were asked of each applicant, yet no definite objective standard was set up.

The important determination of the standing of each applicant was left to the judgment of the examiner. True, unless the questions are to be answered by a categorical yes or no, some latitude, discretion and exercise of judgment must be left to the examiner. Yet the position of captain of police is not one that demands qualities that are not measurable by objective tests. (*People ex rel. Sweet* v. *Lyman,* 157 N. Y. 368; *Matter of Fink* v. *Finegan, infra.*) Here it must be conceded that the tests were objective and definite standards could have been set up.

The reference of petitioner's appeals back to the original examiner was unjust, arbitrary and unlawful, even if not capricious. Else we stultify and render innocuous the language of the decisions in leading cases cited by both counsel. For it is a definite principle of law that "A test or examination, to be competitive, must employ an objective standard or measure. Where the standard or measure is wholly subjective to the examiners it differs in effect in no respect from an uncontrolled opinion of the examiners and cannot be termed competitive. * * * An examination cannot be classed as competitive unless it conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience." (*Matter of Fink* v. *Finegan,* 270 N. Y. 356, 361; *Matter of Sloat* v. *Board of Examiners,* 274 id. 367, 374; *Matter of Bridgman* v. *Kern,* 257 App. Div. 420, 427; affd., 282 N. Y. 375.)

Of what avail is the requirement that objective standards be set up which are reviewable by other examiners of equal ability and experience if such review is not had by other examiners but by the original one? The appeal accomplishes nothing save as the original examiner may admit his own errors. Perhaps nowhere in the seemingly numberless decisions of the courts can one find that an appellate court has referred back to the trial court the very questions raised on appeal and upon which the higher court was called upon to pass.

The disputed question of fact as to whether petitioner asked to have his examination reviewed by other examiners of ability and experience equal to that of the original examiner is not material to the issue. For although that duty does not devolve upon the examiners by statutory mandate, yet it is their plain duty according to the clear pronouncements of judicial reasoning, logic and authority.

Order may be entered in accordance with section 1295 of the Civil Practice Act for a review and final examination of petitioner's rating in accordance with petitioner's application.