(Nos. 26794, 26886, and 26929.—

THE PEOPLE *ex rel.* Charles E. Elmore, Appellant, *vs.* JAMES P. ALLMAN *et al.,* Appellees.—THE PEOPLE *ex rel.* John F. Sweeney, Appellee, *vs.* JAMES P. ALLMAN *et al.,* Appellants.—THE PEOPLE *ex rel.* Aubrey G. O'KELLEY, Appellee, *vs.* JAMES P. ALLMAN *et al.,* Appellants.

*Opinion filed January 21, 1943—Rehearing denied March 10, 1943.*

158

Michael F. Ryan, (Richard F. McPartlin, Jr., of counsel,) for relators.

Barnet Hodes, Corporation Counsel, (James A. Velde, J. Herzl Segal, Carl H. Lundquist, and L. Louis Karton, of counsel,) for respondents.

Mr. Justice Murphy delivered the opinion of the court:

By an order entered at a previous term, cases numbered 26886 and 26929 were consolidated with No. 26794 for oral argument and opinion. These are *mandamus* actions instituted in the circuit court of Cook county by petitioners who had formerly been patrolmen under the classified civil service of the department of police of the city of Chicago but whose names had been stricken from such list by order of the Civil Service Commission of the city. The prayers of the three petitions were the same, in that each asked that the relator be restored to his position as patrolman in the classified service of the department of police, that he be assigned to duties as a patrolman, that his name be placed on the roster and payroll of the department and that he be paid for past as well as future services. The prayer also included the request to expunge all orders of the commission and of the commissioner of police pertaining to the removal of the petitioners from the classified service.

The respondents in each case are the commissioner of police, the members of the Civil Service Commission and the city comptroller. They will be referred to as defendants and the several petitioners as plaintiffs.

Defendants challenged the sufficiency of the petitions by a motion to strike, which was overruled. One of the grounds alleged in support of the motion was that the petition did not show the violation of a duty which defendants owed plaintiffs and that the relief prayed could not be granted in a *mandamus* proceeding. The joint and

several answers set up the entire proceeding before the commission as it related to the respective plaintiffs. Plaintiffs' motions to strike the parts of the answers pertaining to the commission's hearing were overruled. Judgments were entered on the petition, answer and motions in No. 26886 and No. 26929. In No. 26794 evidence was heard but there is nothing in such evidence that differentiates that case from the others on the points to be considered.

Judgments were entered in favor of the respective plaintiffs and each recited that defendants' answer was insufficient in law to constitute a defense. The writ which was issued in each case commanded defendants to restore each plaintiff to his former position as a patrolman, to assign him duties as such and directed that he be paid his regular pay. In No. 26794 and No. 26886 jurisdiction was retained to pass upon the question of pay that would have accrued to the patrolmen during the period of suspension but in No. 26929 the order commanded payment to plaintiff Aubrey G. O'Kelley the salary "lawfully appropriated for said position and remaining unexpended from the date of his illegal removal on May 10, 1940."

On appeal to the Appellate Court, the judgments in No. 26886 and No. 26929 were affirmed but the judgment in No. 26794 was reversed and the cause remanded with directions to dismiss the petition. The difference in the conclusions reached was based upon the difference in the character of the charges and the evidence presented and not upon a diversity of opinion as to the propriety of granting the relief asked in a *mandamus* action. Both divisions of the Appellate Court passing on the cases held that *mandamus* was the appropriate action. Leave to appeal was granted in all the cases.

The first matter for consideration is as to whether the relief sought is obtainable in a *mandamus* action. Plaintiffs contend this question was not properly preserved for review but we can not agree with that contention. The

motion of defendants to dismiss contained allegations sufficient to introduce the question into the record. The motion was overruled and each opinion of the Appellate Court contains a discussion of the question. From this we must conclude the point was urged in that court and that it is fairly presented for review.

Defendants contend that the relief sought cannot be granted in a *mandamus* proceeding and that since the Civil Service Act provides no method for review of hearings held before the commission, the only remedy plaintiffs have is a review by the common-law writ of *certiorari*. That an interested party who is aggrieved by the ruling of an administrative body has a right to have the proceeding reviewed by use of the common-law writ of *certiorari* is firmly established by the opinions of this court but it is not necessary in these cases to detail the circumstances under which the writ may be employed or the limitations that encompass its use. It is sufficient to say that there is a well-defined distinction between the relief granted in the two actions. In common-law *certiorari* the writ of a superior tribunal issues to review an official or judicial act while in a *mandamus* action the writ issues to compel action. (38 C. J., p. 545, sec. 11.) A *mandamus* proceeding can not be made to perform the office of a writ of error or of *certiorari* or an appeal. *People ex rel. Carlstrom* v. *Shurtleff*, 355 Ill. 210; *People ex rel. Kennon* v. *LaBuy*, 305 id. 11.

The city of Chicago is operating under an act entitled "An Act to regulate the Civil Service of cities." (Ill. Rev. Stat. 1941, chap. 24½, pars. 39-77, sec. 1 *et seq.*) The civil service list to which plaintiffs seek reinstatement is the one provided by that act and the hearings of the commission set up in defendants' answer to the petition for *mandamus* were held pursuant to the authority of section 12 (par. 51) of that act. The parts of the section insofar as

material here are that the employee whose name is on the classified list shall not have his name removed from such list "except for cause, upon written charges and after an opportunity to be heard in his own defense."

Plaintiffs raise no question as to the sufficiency of the notices of the hearing before the commission or the opportunity that was given them to introduce evidence. The objections they make to the proceedings before the commission and upon which they base their right to have a writ of *mandamus* issued are somewhat different in the respective cases and for a proper consideration of the issues a summary of each must be set forth.

In No. 26794, plaintiff Charles E. Elmore alleged that the commission had adopted certain rules in reference to the procedure to be followed in hearings for removal of names from the classified service, one of which rules provided that all charges filed with the commission "should state specifically the facts alleged to constitute the cause for discharge." Another rule gave persons who had been discharged from the classified service the right to file a petition for a rehearing. The rule prescribed the time for filing and the procedure to be followed. Elmore alleged there had been violations of such rule in that he filed a petition for rehearing which was continued from time to time without a ruling thereon but such failure to act is not urged here as a basis for a writ.

The petition discloses the charges preferred against Elmore were that he violated sections 3 and 33 of rule 389 of the police department of the city of Chicago. The charge as to section 3 was that he was guilty of conduct unbecoming a police officer and as to section 33 that he neglected to pay, within a reasonable time, indebtedness incurred while in the service of the police department. The specifications which formed a part of the charge set forth the names and addresses of Elmore's creditors and the amount

due each. It was alleged that the claims were meritorious, that they had not been paid, that Elmore had no valid reason for such neglect and that such conduct on his part tended to impair his own efficiency as a patrolman and reflected discredit upon the honesty and integrity of all the members of the police force. In the form of conclusions Elmore pleaded that he was not guilty of any matter that would warrant his removal, that the charges were based on indebtedness which his financial circumstances prevented him from paying, that the specifications did not state in what manner he was guilty of conduct unbecoming a police officer, and that the action of the commission in finding him guilty was an unreasonable and arbitrary exercise of power not authorized by section 12 of the act. It does not appear that he made any application to the commission for a more specific statement of the charges preferred against him. Defendants' answer traversed certain allegations of fact and set forth the entire proceeding had before the commission, including the substance of the evidence that was introduced. Such evidence shows Elmore's indebtedness to various persons, some of whom were those named in the specifications and that in certain instances he issued fictitious checks in payment of such claims.

The allegations in No. 26886, John F. Sweeney, plaintiff, were, except as to the charges and specifications, the same as contained in the Elmore petition. The charges against Sweeney were conduct unbecoming a police officer, neglect of duty and inattention to duty. The specifications were as general in their terms as the offenses stated in the charges. It is alleged that Sweeney's attorney objected to the generality of the charges and asked that they be made more specific, which request was overruled. It is further alleged that the only testimony heard by the commission was in reference to Sweeney's performance of his duties on April 8, 1940, at which time he was assigned to the special duty of guarding a certain store. He alleges that

while he was on duty in the store, two men entered and by force of arms took his revolver from him and locked him and a clerk of the store in a washroom and then robbed the store. The facts surrounding the robbery are set forth in detail in excuse of plaintiff's failure to overcome the robbers but since we are of the opinion that the questions raised on the evidence are not reviewable in a *mandamus* action, it will not be necessary to set them forth at greater length. The answer of defendants, as in the Elmore case, set forth the entire proceeding before the commission and its findings of fact based on the evidence.

The allegations in No. 26929, Aubrey G. O'Kelley, plaintiff, are in the main the same as in the preceding cases. The charges preferred against him are conduct unbecoming a police officer, neglect of duty, incapacity or inefficiency in the service and the making of a false official report. The specifications are in general terms and do not give any more information as to the facts than the charges. The other allegations upon which the writ of *mandamus* was asked are, for purposes here, to be considered as being the same as those in the Elmore and Sweeney cases. Defendants' answer set up the proceeding before the commission including the substance of the evidence of the several witnesses. It showed that after work hours on March 27, 1940, plaintiff and a woman other than his wife were in his automobile on a public street in Chicago when a man approached the car and by use of a gun robbed plaintiff of a small amount of money, ordered him from the automobile and drove it away. It appears that plaintiff had his service revolver with him at the time of the robbery but that he made no use of it. Whether his being robbed and his failure to use the gun was the result of his inefficiency and neglect of duty or the unavoidable advantage the robber had over him was a controverted issue of fact in the case. In plaintiff's report of the robbery to the police department he suppressed his identity as a patrolman.

Before a *mandamus* writ may issue it must clearly appear that the petitioner has a clear right to the relief he seeks. (*Stott* v. *City of Chicago,* 205 Ill. 281; *Swift* v. *Klein,* 163 id. 269.) If the administrative body or inferior tribunal has acted without power, then *mandamus* is the proper remedy to expunge the void orders from its record. (*People* v. *Shurtleff, supra; People* v. *LaBuy, supra; People ex rel. Waver* v. *Wells,* 255 Ill. 450.) It is not a writ of right. (*People ex rel. Beardsley* v. *City of Rock Island,* 215 Ill. 488; *People ex rel. Akin* v. *Board of Supervisors,* 185 id. 288.) Admittedly, *mandamus* does not lie to control or review the discretion of an inferior tribunal (*People ex rel. Brachear* v. *Board of Supervisors,* 308 Ill. 543; *People ex rel. Thatcher* v. *Village of Hyde Park,* 117 id. 462,) and in *mandamus* actions against administrative officers, such as the commission in this case, the courts will not inquire into the merits of the matter that it may substitute its own judgment or discretion for that of the administrative body. (*People ex rel. Miller* v. *City of Chicago,* 234 Ill. 416.) In this latter case it was said: "Where acts and duties necessarily call for the exercise of judgment and discretion on the part of an officer, body or person at whose hands performance is· required, *mandamus* will not lie to direct how such discretion shall be exercised."

It is true that an action in *mandamus* may, under certain circumstances, provide a remedy against a clear abuse of discretion. However, its application is restricted to directing that action be taken and it is never available to direct what action shall be taken. In *People ex rel. Schweder* v. *Brady,* 268 Ill. 192, it was said: "He may not arbitrarily withhold the certificate, alleging such a reason where it does not, in fact, exist. Such a withholding would be an act of the will, only, and not of the judgment, and would be such a palpable abuse of discretion as could be controlled by *mandamus.*"

In the case of *People ex rel. Green* v. *Comrs. of Cook County,* 176 Ill. 576, the court was asked to issue a writ to compel the Board of Commissioners of Cook county to act as a county board of review to review assessments on certain property. It was held that although the board had taken action it was such a gross abuse of discretion and such an evasion of a positive duty as to amount to a virtual refusal to perform the duty enjoined upon it by the statute and, in effect, in law it was the same as though no action had been taken, and a *mandamus* writ was awarded. See also, *People ex rel. Jones* v. *Webb,* 256 Ill. 364; *State Board of Equalization* v. *People ex rel. Goggin,* 191 id. 528.

Plaintiffs refer to the order of the commission entered in the Sweeney and O'Kelley cases overruling their motion for a more specific statement of the charges preferred against them. They argue that such order was a violation of the commission's own rules which required that the charges state the facts upon which it was passing and that a correct order is within the scope of relief that may be granted in a *mandamus* proceeding. It is obvious the writ could not issue to compel the commission to act, for it had ruled on the motion. Any other command to the commission which required action on its part would necessarily involve a direction as to the ruling it should make on the motion.

It is contended that the ruling made on the motion was an unreasonable and arbitrary act. It is not charged the commission acted capriciously or that its action was of fraudulent design. There is nothing in any of the hearings held by the commission that impeaches its fairness or its purpose to grant plaintiffs a full and fair hearing. The overruling of the motion does not bring the case within that class where the action taken was such an evasion of duty as to amount in law to a refusal to perform a duty. At most the ruling on the motion was an error of judgment which can not be corrected in an action of *mandamus.*

The courts cannot, in a *mandamus* proceeding, invade the field which the statute has placed under the jurisdiction of the commission. The power to hear evidence and determine whether there has been a violation of rules is vested in the commission and it is not within the power of a court in a *mandamus* proceeding to review the evidence, and adjudge whether a writ of *mandamus* should issue to compel the commission to enter orders to meet the court's interpretation of the rules and evidence. The relief prayed for in each of these cases was not within the scope of relief that may be granted in a *mandamus* action.

There are cases where this court has recognized that a *mandamus* writ may properly be used where the acts of an administrative commission were questioned. A brief analysis of some of them will illustrate the limitations of the court's inquiry in a *mandamus* proceeding. In *Stott* v. *City of Chicago, supra,* petitioner, who was on the classified list and whose name had been dropped from such list, asked for a writ directed to the commission commanding his reinstatement. He alleged that no charges were preferred against him, no trial had and other irregularities were stated. Respondents' plea set up that petitioner was discharged for inefficiency and because there was insufficient appropriation to pay salaries of police patrolmen and that, therefore, it was necessary to discharge some of them, which included petitioner. The writ was denied, and the basis of the holding was that petitioner had not alleged facts to show a clear legal right to the relief prayed and that inasmuch as his alleged claim was predicated upon a right to an office and compensation, it was essential that he show he was an officer *de jure* as well as *de facto*. To the same effect is *McNeill* v. *City of Chicago,* 212 Ill. 481.

In *Fitzsimmons* v. *O'Neill,* 214 Ill. 494, petitioner alleged he had been discharged without opportunity for a hearing under section 12 of the Civil Service Act. On

the issues made by the pleadings, the court found that he was discharged from the classified list by reason of insufficient funds to pay and that he was not entitled to a hearing under section 12. It was said that a hearing under section 12 referred to cases where an officer or employee was removed for some reason personal to himself. (*City of Chicago* v. *People ex rel. Gray,* 210 Ill. 84.) A hearing before the commission resulted in an order of discharge. A *mandamus* writ was awarded for the reason that the rules of the commission provided that the trial board should consist of at least one representative of the commission. It was found that this rule had been violated and therefore petitioner had been deprived of a legal hearing. In *People ex rel. Miller* v. *City of Chicago, supra,* the court expressly left open the question of the right of the trial court in a *mandamus* action to review the commission's proceedings. These and other cases which might be added demonstrate that courts have no right in a *mandamus* proceeding to review the proceedings of the commission as was done on the issues formed in the cases at bar.

The judgment of the Appellate Court in No. 26794 (Elmore case.) reversed the judgment of the trial court awarding the writ and remanded the cause with directions to dismiss the petition. The judgment entered was proper and is affirmed but the discussion in the opinion as to the propriety of relief in a *mandamus* action is not approved. The judgments of the Appellate Court in No. 26886 (Sweeney case) and No. 26929 (O'Kelley case,) which affirmed the judgments of the trial court ordering the writ, are reversed.

*Judgment in No. 26794 affirmed; judgments*
*in Nos. 26886 and 26929 reversed.*