People of State of Illinois ex rel. Mary S. M. Loughry, Appellee, v. Board of Education of City of Chicago et al., Appellants.

Gen. No. 45,145.

Opinion filed March 7, 1951. Released for publication April 6, 1951.

FRANK R. SCHNEBERGER, of Chicago, for appellants; FRANK S. RICHEIMER, HUGH M. SIMBORG and JAMES W. COFFEY, all of Chicago, of counsel.

RICHARD F. WATT, MILTON T. RAYNOR and BERNARD WEISSBOURD, all of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff Mary S. M. Loughry, a school teacher in the City of Chicago since 1912, took an examination for the certificate of principal in the Chicago public school system. Pursuant to the rules adopted and promulgated by the Board of Examiners, the examination consisted of two parts, one written and the other

unwritten. The unwritten part of the examination consisted of a "personal interview where consideration will be given to the official scholastic record of the candidate previously filed with the Board of Education, his degree of success as a teacher in the public schools, his contribution to educational research, his record of scholarship and co-operation in the school system of the community, *poise,* and *other personal factors."*

The rules further provided that in order to be placed upon the eligible list the candidate must receive an over-all average of the written and nonwritten parts of the examination of not less than 80 per cent, such over-all being calculated by adding the written and nonwritten grades and dividing them by two. In the written examination plaintiff passed with a grade of 81.3, but failed in the oral examination to receive the minimum grade of 75 per cent. About fifteen months after having received notice that she had failed in the examination plaintiff filed a petition for a writ of mandamus, praying that a writ issue commanding the Board of Examiners to place the name of plaintiff upon the eligible list of persons entitled to receive the certificate of principal in the public school system of Chicago. Afterward, upon leave of court, the petition was amended by adding an alternative prayer for direction of the members of the Board of Examiners to expunge plaintiff's unwritten grade and final grade in the examination and that a new oral examination be granted. Defendant's motion to strike the petition was overruled and the court entered an order finding that the nonwritten part of the examination was conducted illegally and capriciously in violation of the statutory requirements and in such a manner as to constitute a gross abuse of discretion and that "the petitioner is not entitled to that portion of the relief prayed, namely, that defendants be directed to place Relator on the list of eligibles for the certificate of principal and to deliver

to Relator such a certificate." The order further directed that a peremptory writ issue commanding the members of the Board of Examiners to expunge from its record the final grade and nonwritten examination grade given plaintiff, and to hold a new oral examination for plaintiff which "shall not inquire into or seek to evaluate or examine Relator's poise or other personal factors; and to provide for the taking of a complete stenographic record of the oral examination and to make a copy available to plaintiff." Defendants, having elected to stand by their motion to strike, appeal and plaintiff has filed a cross appeal.

The pertinent provision in the school law relating to the Board of Examiners is found in Illinois Revised Statutes 1949, State Bar Association Edition, Chapter 122, section 34–86 [Jones Ill. Stats. Ann. 123.1447], which provides in substance that the Board of Examiners, consisting of the Superintendent of Schools and two persons, approved and appointed by the Board of Education upon the nomination of the Superintendent, shall examine all applicants required to hold certificates to teach, and that the Board of Education shall issue such certificates to those who pass the required tests of character, scholarship, and general fitness. In construing the foregoing provision this court held in *People ex rel. Cook v. Board of Education,* 295 Ill. App. 41, that the Board of Examiners is vested with authority to establish rules and regulations for the purpose of testing all candidates as to character, scholarship, and general fitness. In the present case, according to the allegations of the petition, the oral part of the examination lasted twenty or thirty minutes and consisted of seven questions which are set forth *verbatim* in the petition. What answers were given, if any, does not appear. The petition further alleges that the persons conducting the oral examination were a district superintendent and

three principals of Chicago high schools, a representative of the University of Minnesota, and defendant Clarke. No contention is made by plaintiff that there was any fraud, collusion, or discrimination in the oral examination given to plaintiff by defendants, nor does she question the honesty and good faith of defendants or the members of·the oral examining committee who interviewed her. All of the allegations of the petition relate to the propriety of the method of procedure adopted by the Board of Examiners for testing candidates in the oral examination. The principal objection is that the Board of Examiners failed to provide or use any objective standard or system of measurement.

In support of her contention plaintiff relies strongly on the case of *Fink v. Finegan,* 270 N. Y. 356, 1 N. E. (2d) 462, where the petitioner sought to compel the municipal civil service commission of New York City to re-rate an oral test taken by him in an examination for medical examiner for the purpose of preparing an eligible list. The court held that a test or competitive examination must employ an objective standard or measure, and that an examination cannot be classed as competitive unless it conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience.

In the later case of *Sloat v. Board of Examiners,* 274 N. Y. 367, the petitioner, a substitute teacher, took a competitive examination for a teacher's license in the subject of fine arts for the purpose of being placed upon an eligible list. Included in the examination was a teaching test and an interview test. After being notified that she had failed these tests she sought relief on the ground that the tests in which she failed were "arbitrary and capricious, without announcement in advance of objective standards . . . ." The court said (p. 372) in adverting to the case of *Fink v. Fin-*

*egan,* 270 N. Y. 356, 1 N. E. (2d) 462, "Even in that case we took pains to point out that we were not condemning, in advance, all oral examinations or tests where evaluation of results must depend in greater or lesser degree upon the opinion of the examiners. We said that oral examinations might be necessary in the selection of teachers 'to appraise their voices for carrying power, distinctness and absence of speech defects.' In part, at least, the 'interview test' of which the appellant complains was held for such purpose and was adapted to that end. The 'teaching test,' too, was reasonably devised to permit the appraisal of the teacher's ability to maintain order in the class, enlist the interest of the students, and impart knowledge to them. Indeed, in determining the merits of a substitute teacher and her fitness for appointment to a permanent position, the 'teaching test' in the class room would, it is evident, be particularly valuable. The mandate of the Constitution for the ascertainment of merit and fitness, so far as practicable, by competitive examination, may not be transformed into an interdict against the examinations which are best adapted for the demonstration of fitness. It would be impossible to formulate a standard by which such qualities may be defined or measured with entire objectivity."

The New York Constitution requires that the examination should be competitive as far as practicable except for the testing of such qualities not measurable by objective tests. No such provision is contained in the Constitution of the State of Illinois.

In *The Matter of the Appeal of Jennie B. Bryan and Celia Schimberg,* in behalf of themselves and others similarly situated, from the action of the Board of Examiners of the City School District of New York as to an examination for Assistant to the Principal, 1922, 27 N. Y. St. Dep't Rep. 334, cited with approval in *People ex rel. Cook v. Board of Education,* 295 Ill.

616

App. 41, the Commissioner said: ''The stability and effectiveness of the system established by the statute for the examination and licensing of teachers in the City School District of New York depends upon the integrity, professional training, experience and ability of the members of the Board of Examiners. The nature of the system demands that almost controlling weight be given to the determinations made by them as to the fitness of candidates for licenses. It must be assumed that in the exercise of discretionary power conferred upon them they are acting fairly and without prejudice to the rights of individual candidates.'' To the same effect see *In the Matter of the Appeal of Charles T. Trace* from rating of the Board of Examiners of the City of New York in the oral examinations for license as Principal of Elementary Schools, 29 N. Y. St. Dep't Rep. 400.

█ In this case the order of the trial court precludes the Board of Examiners from examining plaintiff's ''poise and other personal factors'' and in effect directs that she be given tests different from those given all the other candidates. In *Sloat v. Board of Examiners,* 274 N. Y. 367, the court recognized the impossibility of formulating a standard by which certain qualities may be defined or measured with entire objectivity, and that the evaluation of results must depend in a great measure upon the opinion of the examiners. Professional knowledge alone of the candidate as tested in a written examination does not suffice to determine general fitness. The candidate's personality is a paramount and controlling factor. The question whether the type of test used in the instant case is one that might be subject to abuse and thus a favored applicant be enabled to pass is not before us. It may well be that more scientific methods of giving oral tests than those used in the instant case by the Board of Examiners can be employed but, however meritorious an-

617

other method might be, that we think does not present a question of law.

■ Our Supreme Court has repeatedly held that in discretionary matters the court will not substitute its judgment for that of an administrative body. (*Smith v. Board of Education,* 405 Ill. 143; *People ex rel. Illinois Highway Transp. Co. v. Biggs,* 402 Ill. 401.)

■ Plaintiff says that the questions asked of her were different from the questions asked of other candidates, but her petition fails to allege in what respect they were different though she concedes that rigid duplication of questions is neither desirable nor required. In *Hewitt v. State Civil Service Commission,* 114 Colo. 561, 167 P. (2d) 961, where similar contentions were made and the same arguments advanced as here, the court said, "For us to attempt to pass upon this long list of questions and determine which are proper and which are improper, and sustain or set aside this examination in accordance with our conclusions, or to decide whether in the case before us a promotional examination was or was not 'practicable and feasible' would involve usurping all the discretion clearly vested in the commission and substitute ourselves as the examiners."

In *Pratt v. Rosenthal,* 181 Cal. 158, 183 Pac. 542, in discussing the powers conferred upon a Civil Service Commission, the court said, at page 163: "Courts should let administrative boards and officers work out their problems with as little judicial interference as possible. They may decide a particular question wrong —but it is their question. Such boards are vested with a high discretion, and its abuse must appear very clearly before the courts will interfere."

■■ Plaintiff urges that no method was provided for permitting appeal or review of the oral examination grade and no record was maintained upon which a review or appeal might be based. So far as we can

find our School Code (Ill. Rev. Stats. 1949, ch. 122, par. 1–1 *et seq.* [Jones Ill. Stats. Ann. 123.610 *et seq.*]) does not contain any provision requiring that examiners provide for a method of review by other examiners or by any other administrative body, nor is there any provision requiring that a written record of the oral examination be given to plaintiff. Plaintiff also complains of the weight given in the oral examination of 50 per cent. We think this contention is without merit since the power to fix the weight of each part of the examination lies within the discretion of the Board of Examiners. See *Almassy v. Los Angeles County Civil Service Com.* (Cal.), 210 P. (2d) 503.

█ Plaintiff contends that the unwritten part of the examination was invalid for the reason that all three members of the Board of Examiners did not personally examine her. The petition alleges that only one member (Clarke) was present. She argues that a delegation of authority is not authorized by the statute. Under the provisions of the School Act (Ill. Rev. Stat. 1949, ch. 122, sec. 34–17 [Jones Ill. Stats. Ann. 123.1378]) the Board of Education of the City of Chicago is given the authority and charged with the duty of maintaining elementary schools, high schools, junior colleges, normal schools, night schools, schools for defective, delinquent, parental, truant, blind, deaf, vocational, and other schools. All of the teachers and principals in the schools enumerated in the statute are required to hold certificates. Thus examinations for a certificate of teacher or principal are necessarily given on all of the subjects and languages taught in these schools. Manifestly it would be highly improbable that all of the members of the Board of Examiners would have sufficient knowledge of all the subjects taught in the various schools, nor would they have the time required, to conduct the written and oral examinations. Under these circumstances it would seem to us that in

order to perform their statutory duties properly the members of the Board of Examiners must necessarily have competent persons to assist them. There is no allegation in the petition that the persons who assisted a member of the Board in the conduct of the oral examination here involved were not qualified and experienced to render such assistance. Nor are any facts alleged indicating fraud or prejudice. We think plaintiff's contention is untenable.

██ The rule is well established that the writ of mandamus will issue only when a clear and undeniable right is shown to exist. (*Coughlin v. Chicago Park Dist.,* 364 Ill. 90.) In the case at bar the allegations of the complaint fail to show a clear right to the writ of mandamus and therefore defendants' motion to strike the complaint as amended should have been sustained.

██ As to the cross appeal, the record shows that defendants filed a motion to strike the complaint, which was denied, and that defendants were given leave to file an answer within thirty days. Afterward plaintiff amended her petition and an order was entered allowing defendants' original motion to strike the complaint to stand as defendants' motion against the petition as amended. Plaintiff has filed a cross appeal from that part of the judgment which reads: "that the petitioner is not entitled to that portion of the relief prayed, namely, that defendants be directed to place Relator on the list of eligibles for certificate of principal and to deliver to Relator such certificate." In our opinion plaintiff is not entitled to the relief prayed for in the original complaint, on the same grounds as those heretofore given for denying the relief asked for in the complaint as amended. The cross appeal is therefore dismissed.

We have considered the other points urged and the authorities cited in support thereof but in the view we

620

take of the case we deem it unnecessary to discuss them.

For the reasons stated, the judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.

*Reversed and remanded for further proceedings.*

BURKE, P. J., and KILEY, J., concur.