People of State of Illinois ex rel. Richard A. White, Plaintiff-Appellant, v. Stephen E. Hurley et al., Members Constituting the Civil Service Commission of the City of Chicago, and Herman N. Bundesen, President of the Board of Health of the City of Chicago, Defendants-Appellees.

Gen. No. 46,104.

Opinion filed March 2, 1954. Rehearing denied March 23, 1954. Released for publication March 23, 1954.

MICHAEL F. RYAN, of Chicago, for appellant; RICHARD F. McPARTLIN, JR., of Chicago, of counsel.

JOHN J. MORTIMER, Corporation Counsel of City of Chicago, for appellees; L. LOUIS KARTON, Head of Appeals and Review Division, and DAVID D. STEVENSON, Assistant Corporation Counsel, both of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order sustaining defendants' motion to strike the amended complaint of the relator and to dismiss the suit. The relator seeks a writ of mandamus against the members of the Civil Service Commission and the President of the Board of Health of the City of Chicago, to compel them to permit him to take a promotional examination for the position of Supervising Dairy Inspector in the classified service of the Board of Health, and if he passes such examination, to place his name in its proper place upon the promotional register.

It appears that the relator took and passed an examination for the position of Food Inspector in 1914 and was appointed to the position that year. At that time, as it is alleged in the complaint, and for some years thereafter, the duties of Food Inspector included milk inspection. In 1924 plaintiff was assigned to the Country Division of the Food Bureau and was delegated duties in connection with milk inspection. He performed those duties until June 25, 1937, when he was given a temporary appointment as Supervising Dairy Inspector. He was given a leave of absence from the office of Food Inspector and held the office of Supervising Dairy Inspector under temporary appointment until the time of the filing of the amended complaint herein. Sometime prior to 1939, the position of Dairy Inspector was classified by the Civil Service Commission as a position in Branch III, Class O, Grade 3, being the same branch, class and grade as that of Food Inspector. The duties of Dairy Inspector were defined and were distinguished from those of Food Inspector and on November 16, 1942, were redefined and classified.

According to defendants, the office of Dairy Inspector was created as early as 1926 and the office of Super-

444

vising Dairy Inspector in 1928. However, relator refers to it as a newly created position, which was classified August 24, 1948. Relator further states that between 1939 and 1941, a number of employees under the title of "Food Inspector," or "Health Inspector," who were performing duties in connection with milk and dairy inspection, had their title changed without any civil service examination to "Dairy Inspector," and that by oversight, the title of the relator was not changed, although at that time he was a Food Inspector, being on leave of absence from that office to perform the duties of Supervising Dairy Inspector, as we have stated.

On March 15, 1951, the Civil Service Commission issued a call for the holding of a promotional examination for the position of Supervising Dairy Inspector, Branch III, Class O, Grade 4, prescribing that all civil service Dairy Inspectors would be eligible. Relator applied for the examination and was permitted to take it, but his papers were not marked because, after taking the examination, the Civil Service Commission took the position that he was not eligible therefor since he was not a civil service Dairy Inspector at the time. This is the action complained of.

■■■■■ Under section 9 of the Civil Service Act [Ill. Rev. Stats. 1953, ch. 24½, § 47; Jones Ill. Stats. Ann. 23.048], it is the duty of the Civil Service Commission to provide that wherever practicable, vacancies shall be filled by promotion and that examinations shall be competitive among such members of the next lower rank as desire to submit themselves as candidates for promotion. The relator argues that he was in the next lower rank; that, although on the civil service list as a Food Inspector, he was in reality a Dairy Inspector, on leave of absence in order to perform the duties of Supervising Dairy Inspector. What counsel for relator, with commendable candor, submit to us is that

445

while the relator was not on the civil service list as a Dairy Inspector, the history of his employment shows that he was qualified to take the examination for Supervising Dairy Inspector. They earnestly argue that if the objective of the civil service law is to promote efficiency, then certainly a man who had for many years performed the duties of the position, both as a civil service appointee and then as a temporary appointee in a supervisory position, ought to be permitted to take the examination. If in this class of cases courts were permitted to exercise broad equitable powers, there might be some reasonable basis for this argument. Here, relator seeks a writ of mandamus against a branch of the executive department. He must show a clear legal right to this writ. *People v. Allman,* 382 Ill. 156, 164; *People ex rel. Clark v. Hurley,* 343 Ill. App. 182, 187; *People ex rel. McKeown v. Hurley,* 343 Ill. App. 413, 416. It has repeatedly been held that the Civil Service Commission is a branch of the executive department and before the judicial branch can interfere with the executive, it must be clearly made to appear that the executive in the discharge of its ministerial functions is about to commit an illegal act. The objection here is against the strict compliance of the Civil Service Commission with the law. The Commission has, pursuant to section 9 of the Civil Service Act [Ill. Rev. Stats. 1953, ch. 24½, § 47; Jones Ill. Stats. Ann. 23.048], limited the promotional examination to those who were *civil service Dairy Inspectors.* Relator is not a civil service Dairy Inspector.

■■ He argues that he should have been transferred to the list along with the others who were so transferred in 1939, but this was a matter for the Civil Service Commission at that time and in that period. It is not for the courts to correct such error, if it were an error. Accepting, as we do, all that is said by the relator in his complaint, we still do not know what were the

full motives of the Civil Service Commission in creating the position of Dairy Inspector back many years. Did the growth of the city and the application of scientific methods with respect to milk production require a new and different type of work, as distinguished from other food inspectors? This and many other questions come to mind. Relator argues that he has had all this experience in his position, by temporary appointment, as Supervising Dairy Inspector. That may be true, but we need only consider what would be the situation if, without the background of his civil service standing as Food Inspector, relator sought to enforce a right to take the examination on the basis of his experience as *temporary* Supervising Dairy Inspector. That could throw the examination open to the entire field and defeat the provision requiring a promotional examination to be given, wherever practicable, to those in the next lower rank.

██ ██ We do not overlook the argument relator makes, that he was in the next lower rank by virtue of the fact that he was a Food Inspector, because the ranks of Food Inspector and Dairy Inspector were in the same branch, class and grade. The examination was limited to those who were *Dairy Inspectors* in that branch, class and grade. While it is true that both Food Inspectors and Dairy Inspectors were in the same branch, class and grade, it is set forth in the complaint that their respective duties were different; that Dairy Inspectors are now confined to milk inspection. It was, therefore, clearly sound civil service practice and a faithful discharge of their duties under the law for the Commission to restrict the promotional examination to Dairy Inspectors who were in Branch III, Class O, Grade 3. Courts have no right to interfere with an executive or administrative decision made in compliance with the law. *People ex rel. McKeown v. Hurley,* 343 Ill. App. 413.

447

■ We are of the opinion that the trial court properly sustained the motion to strike and dismiss the suit.

*Affirmed.*

TUOHY and ROBSON, JJ., concur.