People of State of Illinois ex rel. Joseph H. Hogan et al., Plaintiffs-Appellees, v. Nelson O. Howarth, Mayor, Frank E. Shaw et al., Members of Civil Service Commission of City of Springfield, Illinois, Defendants-Appellants.

Gen. No. 10,032.

Third District.

February 14, 1956.

Released for publication March 1, 1956.

Carl T. Meyer, City Attorney, and Ines C. Hoffmann, Corporation Counsel, both of Springfield, for defendants-appellants.

Londrigan & Londrigan, of Springfield, for plaintiffs-appellees; Thomas B. Kennedy, of Peoria, of counsel.

PRESIDING JUSTICE HIBBS delivered the opinion of the court.

Plaintiffs, officers in the police department of the City of Springfield, Illinois, filed their second amended and supplemental petition for mandamus in the Circuit Court of Sangamon County on January 18, 1955 to compel the mayor of that city and its Civil Service Commission to carry out certain provisions of the Civil Service Act of Cities (Chap. 24½, Pars. 39 to 77a, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 23.040–23.-080(a)]). The petition alleged that this act had been adopted by the City of Springfield on April 2, 1907; that for many years no promotional examinations had been held for offices in the police department; that no lists of persons eligible for such offices had been made, all as required by the statute, and that appointments to certain offices in the department had been made by the mayor without certification of the qualifications of those appointed by the Civil Service Commission,

contrary to the provisions of the statute. Defendants moved to dismiss the petition, which motion was sustained in part and overruled in part by the court, which also ordered that a writ of mandamus issue, the particulars of which writ are hereafter set forth. The defendants, mayor of the city and the members of the Civil Service Commission, have appealed to this court from that order.

The statute relating to the Civil Service of Cities, Ill. Rev. Stat. 1953, Chap. 24½, Secs. 39 to 77a provides among other things for the classification of all offices and places of employment in a city, for the examination of applications for all such offices, for promotions on the basis of ascertained merit, seniority in service and examination, and for the certification of candidates eligible for appointments to the appointing officer. The petition in this cause specifically asked that the Civil Service Commission of the City of Springfield classify the ranks in the police department below the rank of chief into captains, lieutenants, sergeants, detective-sergeants and patrolmen. It further asked that the court command the commission to certify that each of the plaintiffs was eligible for appointment to the rank in the department he then held and that the mayor be directed to appoint each plaintiff to his present rank. Finally the petition asked that the court order the commission to hold examinations for the office of detective-sergeant, sergeant, lieutenant and captain on or before July 1, 1955. The order of the court directed that each of the matters prayed for be done.

■ Plaintiffs have filed a motion supported by affidavits in this court to dismiss the appeal because the questions involved have become moot. They aver that the commission has amended its rules to comply with the order of the circuit court and it has certified that

516

each of the plaintiffs was eligible for appointment to the rank in the police department that he then held. They further aver that the mayor has complied with the order by making the appointments as directed therein. Defendants have responded and allege that there was no formal certification by the commission and that its records show that the appointments by the mayor were only temporary. All parties agree that no examinations were held by the commission prior to July 1, 1955. It further appears from the supporting affidavits that there was a change in the city administration in Springfield after the order of the circuit court was entered and that the new officers have prosecuted this appeal.

Plaintiffs insist that their motion must be sustained on the authority of Hotchkiss v. City of Calumet City, 377 Ill. 615. In that case a writ of mandamus was ordered issued against the City of Calumet City by the trial court. The city council passed a resolution that no appeal should be taken and directed the city attorney to comply with the writ. After the time for filing a notice of appeal had expired, a new resolution was passed by the council authorizing an appeal which was taken by two of the aldermen who had voted against the first resolution and by the successor to the mayor who was in office at the time the first resolution was passed. The court held that since the writ was directed against the city, it should have appealed, that appellants as officers had no appealable interest and that, in any event, expiration of the time for filing notice of appeal was fatal. We do not believe this decision is applicable here. The order of the circuit court in this cause was directed not to the City of Springfield but to certain officers thereof "and their successors in office." Under Rule 33 of the Supreme Court, Ill. Rev. Stat. 1953, Chap. 110, Sec. 259.33 [Jones Ill. Stats. Ann. 105.33], this appeal was properly brought by such "suc-

cessors" under the title used in the circuit court. And, more important, the appeal was brought in apt time. Nor does it necessarily follow that, by making the appointments ordered by the Circuit Court, the officials acquiesced in that court's determination of the questions involved. Prior to the enactment of the Civil Practice Act, every appeal operated automatically as a supersedeas and stayed the enforcement of any judgment or decree. (People ex rel. Finn v. David, 328 Ill. 230.) A writ of error did not. (Thompson v. Davis, 297 Ill. 11.) Under the Civil Practice Act every judgment or decree is reviewed in a proceeding designated an appeal, Ill. Rev. Stat. 1953, Chap. 110, Par. 198 [Jones Ill. Stats. Ann. 104.074], which proceeding does not operate as a supersedeas unless the requirements of Section 82 of the Practice Act are met, Ill. Rev. Stat. 1953, Chap. 110, Par. 206 [Jones Ill. Stats. Ann. 104.082]. Where no supersedeas is sought, any rights a party may obtain pursuant to the enforcement of an order of a trial court are subject to redetermination if review is sought in apt time. (First Nat. Bank of Jonesboro v. Road Dist. No. 8, 389 Ill. 156.) The Supreme Court stated in the case just cited at pages 161 and 162: "A party to a suit is presumed to know of all the errors in the record, and such party cannot acquire any rights or interests based on such erroneous decree that will not be abrogated by a subsequent reversal thereof. . . . A party to a decree cannot acquire any rights thereunder while the same is subject to review which he can assert after the decree is reversed; since the effect of the reversal is to abrogate the decree and leave the cause as it stood prior to the entry of the decree." Thus it seems clear that any rights plaintiffs may have acquired by appointments made during the time an appeal could be taken are subject to redetermination by this court on review.

While it is true that no examinations were held before July 1, 1955 as required by the trial court, we do

518

not believe that this renders the question moot. The date, while important, is not an essential part of the court's order as it was in National Jockey Club v. Illinois Racing Commission, 364 Ill. 630, to which we have been referred. Here substantial justice can be done if examinations are held after this litigation has been terminated. The motion of plaintiffs to dismiss this appeal is therefore overruled.

■ Defendants in their appeal agree that mandamus is the proper remedy to compel administrative or executive officers to perform an established duty. (People ex rel. Bartlett v. Busse, 238 Ill. 593, People ex rel. Jones v. Webb, 256 Ill. 364.) They further agree that the trial court could properly have required the defendants to hold promotional examinations in the police department and to require that promotions in the department be based thereon. The circuit court in the present case, however, went further. It directed the commission to amend its rules and certify, and the mayor to appoint each member of the department to the rank he then held. This plaintiffs contend amounted to unwarranted judicial interference with matters entrusted by statute to the commission.

In People ex rel. Jones v. Webb, supra, the Supreme Court said: ". . . while a judicial officer, or one exercising discretion or authority, may be compelled to act and to proceed to the performance of his duty, he cannot be controlled in his judgment or compelled to exercise his discretion in a particular manner." Again in Coughlin v. Chicago Park Dist., 364 Ill. 90, that court said: "When a statute vests discretion in a municipal body to determine any matter or thing, it is not the province of courts to control the exercise of that discretion. (Citations) Mandamus actions do not create duties or confer power to perform them. . . If the officer has a discretion mandamus will not issue to control his action. It may be issued to compel the

exercise of discretion but not the manner of its exercise."

We believe that the circuit court correctly ordered the Civil Service Commission of the City of Springfield to classify the ranks in the police department and to hold promotional examinations. We also believe, however, that the part of its order, providing an amendment to the rules of the commission and setting up the classifications and directing that certain individuals be certified by the commission and appointed by the mayor was improper. These are matters properly left to the discretion of the defendants, which discretion should be exercised freely and without judicial interference unless it is abused. (People ex rel. Elmore v. Allman, 382 Ill. 156.) Plaintiffs seek to justify this part of the court's order on the theory that it is the public policy of this State to classify and appoint without examination those holding offices at the time a civil service law covering the office becomes effective but no authority has been cited in support of this statement. It is true that certain other civil service acts have provided expressly for this but we do not believe that such a provision can be read by inference into the statute before us in this case. Nor do we believe that the statute is unenforceable unless such an interpretation is adopted. Prior to the order of the trial court, the civil service status of all members of the Springfield police department was that of patrolmen. Successive examinations can be held in an orderly manner until all classifications are filled. While this will result in some delay and possible inconvenience, we believe that no other course of action is warranted. Expediency cannot justify an act otherwise improper.

The judgment of the Circuit Court of Sangamon County is reversed and the cause remanded to that court with instructions to enter judgment for plaintiffs, that a peremptory writ of mandamus issue com-

520

manding defendants and their successors in office to classify the ranks of the police department of the City of Springfield and to hold within a period to be determined by the court such promotional examinations as the court shall deem necessary in order to carry out the provisions of the statute as herein construed.

Affirmed in part; and reversed and remanded in part with directions.