Joseph L. Lenert, Plaintiff-Appellant, v. Orlando W. Wilson, etc., et al., Defendants-Appellees.

**Gen. No. 49,472.**

First District, First Division.
February 15, 1965.
Rehearing denied March 4, 1965.

Daniel A. Gallagher, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The action on which this appeal was based was brought by Joseph L. Lenert, a lieutenant on the Chicago Police Force, against the Chicago Superintendent of Police, the Chicago Police Board and its members, and the Chicago Civil Service Commission and its members, to challenge the legality of the efficiency rating system, which, in part, determined the plaintiff's rank on the civil service list of men eligible for promotion to the rank of captain. In Count I, of his complaint, the plaintiff sought to restrain the defendants from making any promotions to the rank of captain from the civil service list in question until his case has been determined. In Count II, he sought a writ of mandamus to compel the defendants to do certain acts which would place the plaintiff in the tenth place on the civil service list in question. The trial

court dismissed Count I for lack of equity, and entered judgment for the defendants on Count II, from which order the plaintiff appealed.

The plaintiff argues that the procedure by which his efficiency was rated for the purposes of promotion violated an Illinois statute requiring all examinations for promotion to be competitive, and requiring the Civil Service Commission to provide for promotion on the basis of ascertained merit. The plaintiff argues that as a result of the illegal rating procedure, he received an efficiency rating of 83 which placed him as number 208 on the captain's promotional list. However, plaintiff argues that if the rating of 95 or 96 which his immediate superior in command would have given him, were used, as it would have been used under a former procedure, the plaintiff would have achieved a higher position on the promotional list and would have been immediately eligible for promotion.

It appears from the record that the position on the promotional list is determined by the Chicago Civil Service Commission by multiplying scores in three categories (multiple choice test, efficiency, and seniority) by a weighting factor and taking a general average of the resulting products. The plaintiff's score on the multiple choice test is the score he earned on a civil service examination which he took on February 3, 1962. His score for efficiency was determined under the procedure which the plaintiff charges to be illegal. The plaintiff's general average of 73 was computed in the following manner:

| Subject | Average | Weight | Product |
|---|---|---|---|
| Multiple Choice Test | 64.50 | 6 | 387 |
| Efficiency | 83.00 | 3 | 249 |
| Seniority | 94.00 | 1 | 94 |
| | Total Weight | 10 Total | 730 |
| | General Average | | 73 |

With this general average, the plaintiff appeared as number 208 on the captain's promotional list, which was posted on July 11, 1962.

The plaintiff's efficiency rating of 83 was determined in the manner prescribed in a Police Department memorandum issued by the defendant Superintendent of Police on December 29, 1961. That memorandum provided that the final grades for promotion to captain would be determined, in part, by the rating of each candidate's performance by a four-member Rating Board composed of top-level police officers who were appointed by the Superintendent. The Board, the memorandum indicated, would consider preliminary performance reports, which were to be completed on each applicant by his commanding officer, as well as other available information about each applicant's performance. The Board was to interview the commanding officer as well as the applicant. On the basis of this information each member of the Board, independently and without consulting other members, completed a merit rating form for each applicant. The ratings made by the Board were to be submitted to the Superintendent for review and then forwarded to the Civil Service Commission. The purpose of the procedure was explained by the memorandum in the following language: "By having one board develop all ratings, each Lieutenant will be judged according to the same set of fair and impartial standards, not according to standards that vary from one unit or district to another." This rating procedure was developed with the approval and assistance of the Civil Service Commission.

The record reveals that the plaintiff's efficiency rating was determined by the procedure above. It appears that Captain Francis J. Rowder, who was the plaintiff's immediate commander after November 29, 1961, and who had known and worked with plaintiff

on the police force from 1934 to 1942, filled out a preliminary performance report on December 13, 1961, evaluating the plaintiff's efficiency. Captain Rowder testified that he informed the four members of the Board that he would give the plaintiff a rate of 95 or 96 for efficiency. The parties have stipulated that efficiency ratings made prior to the issuance of the memorandum discussed above were made by the applicant's immediate commander, not by a board. The record further shows that, since the occurrence of the events in question, the procedure of rating efficiency by the immediate commander without a Board has again become the rule of the Police Department.

■■ We believe that the trial court properly dismissed Count I of the complaint which sought equitable relief by way of injunction. People ex rel. Carter v. Hurley, 4 Ill App2d 24, 123 NE2d 341, dealt with precisely the same facts and the same legal questions that are raised by Count I here; hence that case and the authority cited therein is dispositive of the issue raised by Count I. In the Carter case, certain unsuccessful candidates in an examination for building inspectors brought a mandamus action to declare void the eligible register resulting from such examination; they also sought a temporary injunction restraining the proper city officials from certifying as building inspectors anyone named on the eligible register. Reversing an order in which the trial court granted the injunction, the court held that a complaint incorporating a prayer for injunctive relief must provide grounds on which the court can fix its equitable jurisdiction to issue an injunction; that it must appear from the complaint that the acts complained of are unauthorized and are injurious to some civil, personal or property right, as distinguished from political right; that the acts of public officers are political in char-

329

acter; and that there is no property right in positions held under civil service because they are in the nature of public offices and are political in character.

■ The plaintiff advances several arguments to support his position on the mandamus count of his complaint. Initially he argues that the procedure by which his efficiency was rated violated the requirement of Illinois law that "examinations for promotion shall be competitive" because he has never served directly under the officers of the Rating Board and hence they have no personal knowledge of his efficiency on which to make an objective judgment. We do not agree with the plaintiff's legal premise that the requirement of competitiveness applies to the efficiency rating procedure. The portion of the Illinois statutes which is applicable to promotions and on which the plaintiff relies is Ill Rev Stats 1961, c 24, § 10–1–13 which provides:

> The commission shall, by its rules, provide for promotions in such classified service, on the basis of ascertained merit and seniority in service and examination and shall provide, in all cases, where it is practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination.

It is clear from a reading of the statute that the legislature fixed three distinct elements to be considered in making promotions: ascertained merit, seniority in service and examination. The second sentence of the statute specifically limits the competitiveness requirement to the examination element; that requirement does not apply to the element of ascertained merit which we take to include the type of rating procedure in question here. The cases cited by the plaintiff do

not support his position. Howell v. Johnson, 147 Conn 290, 160 A2d 486, is distinguishable because the Connecticut statute involved in that case did not permit consideration of efficiency and seniority in addition to examination, whereas the Illinois statute clearly does. The three New York cases (Cohen v. Fields, 298 NY 235, 82 NE2d 23; Fink v. Finegan, 270 NY 356, 1 NE2d 462; Quinn v. Streeter, 174 Misc 1073, 22 NYS2d 546) cited by the plaintiff are inapplicable because they turn on a New York constitutional provision which is unlike any constitutional provision in this state.

Our courts, in other cases like the present one, have considered some of the New York cases cited by the plaintiff here and have found them to be inapplicable under our law. In People ex rel. Loughry v. Board of Education Chicago, 342 Ill App 610, 97 NE2d 615, the court made this comment in connection with the Fink case cited above:

> The New York Constitution requires that the examination should be competitive as far as practicable except for the testing of such qualities not measureable by objective tests. No such provision is contained in the Constitution of the State of Illinois. (342 Ill App at page 616.)

The plaintiff further argues that because the members of the Rating Board had no personal knowledge of his past performance on the police force, they did not have a sufficient basis on which to ascertain his merit for promotion and that therefore the procedure was arbitrary and unreasonable and in violation of the statute quoted above requiring that promotions be based, in part, on ascertained merit. We do not believe that this course of reasoning entitles the plaintiff to the writ of mandamus which he seeks.

■ The manner of ascertaining merit for promotion, which we take to include the manner of rating efficiency, is clearly within the discretion of the Police Department and the Civil Service Commission. By providing in the statute quoted above that the Commission has power to make rules governing the manner of making promotions, the legislature has manifested its intent to leave such matters to the sound discretion of the Commission. The reason that these procedures should be left to the discretion of the Commission was expressed in Mulcrone v. O'Connor, 13 Ill App2d 549, 142 NE2d 794. There the court said at page 552:

> The assessment of a man's efficiency cannot be precise and in its very nature must be discretionary. To determine this the Commission must rely upon the Commissioner of Police. The Civil Service Commission provides the Commissioner with a list of all those who have taken the examination. The Commissioner returns the list to the Civil Service Commission with the efficiency markings noted thereon for each individual. The Commissioner in preparing the report relies upon the information received from the applicant's commanding officer and the record of the Department.

Just as in the instant case, the plaintiff in Mulcrone sought and was granted a writ of mandamus in part to compel the Commissioner and the Superintendent of Police to give him a new efficiency rating based on additional facts. The court reversed that part of the trial court's order.

■■ Where certain acts are within the discretion of an officer or agency, mandamus will not lie to compel the manner of exercise of that discretion or what particular action shall be taken, unless an abuse of discretion is shown. People ex rel. Elmore v. Allman, 382 Ill 156, 46 NE2d 974; People ex rel. Witherell v.

City of Chicago, 131 Ill App 266, People ex rel. Hogan v. Howarth, 8 Ill App2d 514, 132 NE2d 381. Since the efficiency rating procedure involved in the instant case is within the discretion of the Civil Service Commission and the Police Department and since there is nothing to indicate that the defendants have abused their discretion or acted arbitrarily, we believe that the trial court properly entered judgment for the defendants on Count II.

We conclude that the plaintiff has failed to show a clear, undeniable right to injunctional relief or to the writ of mandamus. We have not attempted to discuss or refer to many of the decisions cited in the briefs because any attempt to do so would, in view of our conclusions, be of no special advantage to either party and would unduly lengthen this opinion.

For the reasons stated, the judgment and order of the Circuit Court is affirmed.

Affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.