## City of Chicago v. Hugh J. McNally.

### Gen. No. 11,382.

1. ESTOPPEL—*when, does not arise against patrolman to claim regular compensation.* Where a petitioner is entitled under the Civil Service Act to the position and compensation of a first-class patrolman as classified pursuant to such act, the mere fact that he may monthly have received and receipted for an amount of compensation less than that fixed by ordinance for one entitled to and holding such a position, does not, where he has not explicitly waived his rights, estop him from claiming the amount fixed by such ordinance.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed December 16, 1904.

**Statement by the Court.** Appellee, after passing a civil service examination, was regularly certified by the civil service commissioner to the chief of police of Chicago for appointment as a police patrolman, was appointed and entered on his duties December 14, 1896. Under the rules of the commission his appointment was on probation for six months and during that period his pay was $60 per month. He was not discharged and at the end of six months his appointment as a first-class patrolman, under the statute and civil service rules, became complete. Hurd's R. S., chap. 24, sec. 455; Civil Service Rule 6.

The pay of a first-class patrolman as fixed by the appropriation ordinance for the year 1897 was $83.33 per month. Appellee discharged his duties as patrolman and demanded that from June 14, 1897, the expiration of his probationary period, he be paid $83.33 per month, but up to October 31, 1897, he was paid but $60 per month. He brought an action before a justice of the peace for the difference in pay between $60 and $83.33 per month from June 14 to October 31. The case was taken by appeal to the Circuit Court and in that court he recovered a judgment for $103.92, the amount of his pay for the time mentioned at $83.33 per month, less the $60 per month paid him and one per cent deducted for the police pension fund.

FRANK JOHNSTON, JR., for appellant; EDGAR BRONSON TOL-
MAN, Corporation Counsel, of counsel.

McDANNALD, SULLIVAN & JARRETT, for appellee; DENIS E.
SULLIVAN, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of
the court.

Counsel for appellant say in their brief, that the only
question they desire to present is whether the appellee, on
the facts of the case, is estopped from asserting any claim
to additional compensation. In support of their conten-
tion that appellee is so estopped they cite McHaney v. The
County of Marion, 77 Ill. 488; Love v. The Mayor, 40 N.
J. Law, 456, and McInery v. Galveston, 58 Texas, 334. In
the first case cited a county superintendent of schools pre-
sented his claim for services at the rate of $4 per day to
the County Court and it was allowed, orders drawn on the
county treasurer for the same and paid. He then sued
for an additional one dollar per day and it was held, that
although under the law then in force, if he had in his
claim charged $5 per day it would have been the duty
of the County Court to allow it, the record, as he had by
his own conduct authorized it to be made, was a bar to
his suit. In the second case the salary of a city collector
was reduced from $5,000 to $3,000 per year and he con-
tinued in office receiving the reduced compensation to the
end of his term and it was held that his continuance in
office and his receipt of monthly warrants for his salary
during the whole term was an assent to the reduction of
his salary and an estoppel against asserting any error in the
mode of reducing it. In the last case a city clerk during
his term of office received a salary of $4,000 per year and
without objection paid all fees received by him into the
city treasury, and it was held that the obvious intention of
the city council was to limit the compensation of the clerk
to his salary in lieu of all fees; that by his acts in receiv-
ing the salary and paying the fees into the treasury the
council was induced to refrain from such action as was in

its power and he was therefore estopped from asserting any claim to fees. The facts in each of the cases cited are materially different from the facts of this case.

At the end of a service on probation for six months appellee's appointment as a first-class patrolman was complete. He could not after that time be discharged except for cause· and his right to the position carried with it the right to the pay fixed by the ordinance. Chicago v. Luthardt, 191 Ill. 516. He demanded the pay fixed by the ordinance from the time he became entitled to that pay. He has made no claim, rendered no account for pay less than $83.33 per month, since he became a first-class patrolman. It is true that he continued to receive $60 per month and receipted for the same on the monthly pay rolls, but we do not think that he is thereby, or by any act or conduct shown by this record, estopped from claiming the pay fixed by the ordinance, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*

Mr. Justice SMITH did not take part in the decision of this case.