The People of the State of Illinois ex rel. George B. Thornton, Appellee, v. Emmett Whealan and Frank Venecek, Appellants.

Gen. No. 35,485.

Opinion filed December 28, 1931.

JOHN A. SWANSON, State's Attorney, and WILLIAM B. WALRATH and LOUIS H. GEIMAN, Assistant State's Attorneys, for appellants.

R. E. BLACKWOOD, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendants seek to reverse a judgment of the circuit court of Cook county awarding

a writ of mandamus directing them to restore the petitioner, Thornton, to the position of attending nurse in the irresponsible ward of the Oak Forest Infirmary.

The record shows that George B. Thornton was a civil service employee assigned to the irresponsible ward of the Oak Forest Infirmary and that at his request he was given a leave of absence by the proper officials on March 5, 1929, for a period of 90 days. June 3, 1929, it was renewed for a like period and again September 1 the leave of absence was again renewed for a like period of 90 days, and on November 30, 1929, there was another renewal for 90 days.

Defendants' answer says that ''on March 6, 1930, his name appeared on the payroll for one day; that he was then granted a leave for 90 days beginning March 6, 1930; that said leave of absence was renewed for 90 days beginning June 3, 1930; that it was renewed for 90 days beginning September 1, 1930, and renewed for 90 days beginning November 30, 1930; that his name appeared on the payroll during the month of February and two days during the month of March, 1931.''

There is evidence to the effect that on the last of February, 1931, and the first two days of March, the defendant, Frank Venecek, permitted Thornton to work at the institution because, as Venecek testified, he was not certain whether Thornton was entitled to his position. The evidence further shows that some time prior to the time Thornton returned, his place had been filled from the civil service list in the regular way.

Paragraph 4 of section 2 of the rules of the Civil Service Commission of Cook county provides: ''Special Leave: Where leave of absence without pay is requested by an employe and approved by the head of the department on application filed and approved in advance by the Commission, the Commission shall authorize the head of the department to grant the same for a

period of days not to exceed 90 days. The Commission may in its discretion grant renewals of such leave of absence without pay, provided, however, that the total period of continuous leave shall not exceed one year.''

One of the contentions made by counsel for the defendants, as stated in the brief, is: ''The petitioner's leave of absence exceeded 90 days, almost two years. The rules prohibit leaves of absence exceeding one year and provide that an employee's position shall not be held open for him if his absence exceeds 90 days. He worked one day between the first year and second year of his absence. This was a mere subterfuge and device to defeat and nullify the rules of the Civil Service Commission. It was not a *bona fide* and actual return to service, and if permitted as a practice would work an injustice on other civil service employees removed to make a place for the petitioner who cared so little for his position that he remained away almost two years.'' No answer is made to this contention by counsel for the petitioner except to say that the leaves of absence were legal, and a number of witnesses were called on behalf of the petitioner, who were civil service employees of the Oak Forest Infirmary, some of whom testified that they had been given leaves of absence which extended for a period of more than a year. Obviously this evidence was immaterial and would not change the rule of the Civil Service Commission. If other employees had been given leaves of absence, that were unwarranted, that would not authorize the plaintiff to have the court hold that his leaves of absence, extending over a period of two years, were legal. We think the contention of the defendants, which we have just quoted from their brief, is sound, and the leaves of absence purported to be granted to Thornton which extended beyond one year, were wholly unwarranted. Thornton did not testify on the hearing and it is obvious from this record that he merely returned for one

day with no intention of taking up his work again at the institution, but only for the purpose of again going through the form of securing further leaves of absence. The leaves of absence given to Thornton having exceeded one year, he was not in a position to compel his reinstatement.

The judgment of the circuit court of Cook county awarding the writ of mandamus is reversed.

*Judgment reversed*

McSurely and Matchett, JJ., concur.