People of the State of Illinois, ex rel. George Lasser, Appellee, v. George L. Ramsey, Commissioner of Buildings of the City of Chicago, Dolores Sheehan, Albert W. Williams and John J. Ahern, Members of the Civil Service Commission of the City of Chicago, Carl H. Chatters, Comptroller of the City of Chicago, and Sidney D. Deutsch, Treasurer of the City of Chicago, Appellants.

Gen. No. 47,638.

First District, Second Division.

October 20, 1959.

Released for publication November 10, 1959.

John C. Melaniphy, Corporation Counsel of City of Chicago (Sydney R. Drebin, Assistant Corporation Counsel, James C. Murray, Assistant Corporation Counsel, and Robert J. Collins, Special Assistant Corporation Counsel, of counsel) for defendants-appellants.

Michael F. Ryan, of Chicago (Richard F. McPartlin, Jr., of counsel) for plaintiff-appellee.

JUSTICE LEWE delivered the opinion of the court.

This is a mandamus action to compel the City of Chicago to pay plaintiff, a former civil service employee, the salary attached to the position of Survey Inspector in the Department of Buildings for periods during which he claims he was illegally suspended from this position. After defendants had answered, plaintiff moved to strike part of defendants' answer and for judgment on the pleadings. Defendants amended their answer, and plaintiff submitted an affidavit stating that he received no outside earnings during the periods of allegedly illegal suspension. The

trial court then sustained plaintiff's motion to strike and ordered that the writ of mandamus be issued. Defendants appeal from the issuance of this writ.

Plaintiff was first suspended for thirty days by the Commissioner of Buildings on March 13, 1954, for carrying a concealed weapon. Criminal charges were also lodged against him at this time. For the same reason, the Commissioner repeatedly reinstated him for one day and again suspended him for periods of thirty days or less until August 6, 1955, when he was suspended for an indefinite period. Although he performed no services, he received checks for the days he was reinstated, which he has either cashed or retained. The pleadings in this case admit that "he was prevented by the head of his department . . . from performing the duties of his position . . . and from receiving the salary appropriated therefor," and that he "requested on many occasions that he be reinstated to active duty in his position as Survey Inspector, but relator was at all times refused the right to be reinstated to his position and to receive the salary appropriated therefor."

In July, 1955, plaintiff was tried in the Criminal Court and found guilty of carrying a concealed weapon. Charges based on the same facts were filed with the Civil Service Commission in August, 1955. After several continuances, a hearing was held in April, 1956, and plaintiff was found guilty and removed from his position on May 16, 1956. These continuances were procured by plaintiff, and he executed salary waivers covering these periods. The Commission's order was affirmed on appeal in May, 1957, and the complaint in the present case was filed in October, 1957. Plaintiff charged that all of the suspensions except the first thirty day suspension were illegal, and asked that defendants be ordered to pay him the salary of Survey Inspector from the end of his first suspension until

his discharge by the Civil Service Commission, less the salary which he waived and less the salary paid him for his one-day reinstatements.

■ ■ Defendants contended, both in the lower court and on appeal, that the repeated suspensions were legal and, in fact, for plaintiff's benefit. Section 51 of our Civil Service Act, Ill. Rev. Stat. 1953, Ch. 24½, Par. 51, governs the removal and suspension of employees in the classified civil service of cities. Among other things, it provided at the time in question that:

"Nothing in this act shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding thirty days."

Defendants claim that this gives a department head the power to make repeated suspensions for the same offense, as long as no one suspension exceeds thirty days. We think that such an interpretation of the act is untenable. It would give department heads a virtual power of removal, a power which by the same section is vested exclusively in a civil service commission and surrounded with all the safeguards of a full hearing. This interpretation would render the thirty day limitation completely meaningless. People ex rel. Thornton v. Whealan, 264 Ill. App. 28, is closely analogous to our case. There a hospital employee, subject to a rule limiting continuous leaves of absence to one year, worked one day between his first and second years away from his job. This was held to be a "mere subterfuge" to evade the applicable rules, and the court called his absence extending beyond one year "wholly unwarranted."

Defendants argue that the Commissioner's action here was not arbitrary or discriminatory, but was actually quite beneficial to plaintiff. We think this is immaterial. The Commissioner does not have the

103

power to make such repeated suspensions, regardless of his methods or his motives. We have a procedure for removing undesirable civil servants from office, and plaintiff is fully entitled to demand his salary until it is followed.

Defendants contend that plaintiff is barred from prosecuting this action because he waited too long before filing suit and because he accepted the checks covering his one-day reinstatements. Because defendants did not specifically raise these matters as defenses in the court below, plaintiff argues that they may not be brought up on appeal. Defendants agree with plaintiff that points not raised in the trial court cannot be raised here, but they claim that "acquiescence" appears from the complaint and that it is a substantial defect raised by plaintiff's motion for judgment on the pleadings. While they use the term "acquiescence" defendants seem to be relying mainly on the defense of laches; however, these are both forms of equitable estoppel and are treated similarly. Schmitt v. Wright, 317 Ill. App. 384.

Assuming that the allegations of the complaint do indicate laches, this is not a substantial defect which would be raised by a motion for judgment on the pleadings. To avail himself of the defense of laches in testing the sufficiency of a complaint, a defendant must specifically raise the defense by motion or answer, so that the plaintiff will have an opportunity to avoid the defense by amending his complaint. Evans v. Tabor, 350 Ill. 206; Barnett v. Ambler, 5 Ill.App.2d 375; Messick v. Mohr, 292 Ill. App. 69. The Messick case clearly demonstrates that this result is dictated by the requirements in our Civil Practice Act that such matters be specifically pointed out.

We see no merit in the contention that by plaintiff's accepting the one-day reinstatement checks he waived his right to sue for back salary. We do not

104

see how defendants could be misled by his accepting the checks when it is admitted that he was frequently requesting reinstatement. Acceptance of a lesser amount by civil servants did not bar suits to compel payment of the balance of salaries due them in Anderson v. City of Jacksonville, 380 Ill. 44; People ex rel. Gramlich v. City of Peoria, 374 Ill. 313; and City of Chicago v. McNally, 117 Ill. App. 434. In the Anderson case, this was so even though plaintiff there had expressly released his rights to greater amounts due him under a minimum wage law.

Defendants finally contend, and plaintiff denies, that the pleadings present issues of fact which could not be decided upon a motion for judgment on the pleadings. We find no tryable issue of fact in the record. As we have already pointed out, whether the suspensions were actually favorable to plaintiff or whether the Commissioner's actions, attempting to exercise power they did not have, were arbitrary or unreasonable are not pertinent to this case. As for plaintiff's affidavit that he had no other earnings while illegally suspended, it is sufficient to say that this issue was never present in the case. Defendants' amended answer states that any back salary due plaintiff "should be reduced by any outside earnings received by said plaintiff during those periods." This is true, but nowhere is it alleged that plaintiff received any other earnings and thus no such issue of fact is made upon his affidavit.

For the reasons stated, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY, P. J. and KILEY, J., concur.