(No. 35361.—

DROVERS TRUST & SAVINGS BANK, Trustee, Appellant, *vs.*
THE CITY OF CHICAGO, Appellee.

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

LOUIS DENNEN, and McKINLEY & PRICE, both of Chicago, (PAUL E. PRICE, of counsel,) for appellant.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, and HAROLD M. NUDELMAN, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

Plaintiff, Drovers Trust & Savings Bank, Trustee, filed suit for a declaratory judgment that frontage-consent ordinances of the city of Chicago were invalid as applied to

its property. The superior court of Cook County denied the relief prayed and certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

The property in question is a vacant tract located at the southwest corner of 55th Street and South Kenneth Avenue in Chicago upon which plaintiff desires to erect a gasoline filling station, including a wash and grease rack, and lease it to an oil company. Filling stations are located across the street, and one block east and two blocks west of plaintiff's tract. Other property in the vicinity is devoted to business and residential purposes.

Under the zoning ordinance, which is in full force and effect, the area is zoned for business purposes. A filling station, such as plaintiff proposes to construct, is a permitted use. Under the provisions of certain of its ordinances, the city has prohibited the installation of storage tanks of flammable materials without the written consent of property owners representing a majority of the frontage within a prescribed distance. Other sections provide for the licensing of filling stations, the issuance of a license to depend upon the obtaining of similar frontage consents.

Plaintiff failed in its attempt to procure the requisite number of frontage consents and the public officials refused to issue a permit or license. This suit followed.

The complaint alleges that plaintiff has a substantial investment in the property, that denial of its right to erect and operate a filling station, permitted under the zoning ordinance, will render the property useless, and that plaintiff will thereby be deprived of the value of the property without due process of law, contrary to its constitutional guarantees. The complaint further alleges that the consent provisions of the ordinances have no relation to the public health, safety, and public welfare, and prays that they be declared to constitute an unauthorized and unwarranted exercise of power by the city.

The city relies primarily upon the presumption of validity of its ordinances. It points out that there was no proof that the ordinances caused hardship, nor evidence of the highest and best use to which the property could be put, nor showing that the premises were more valuable as a filling station than any other permitted use. We do not believe that such proof is necessary to a determination of the issue. When the city adopted its zoning ordinance it presumably exercised judgment as to the proper land uses of the various areas in the city. That judgment was necessarily based upon such elements as fire hazards, property values and the like which underlie the flexible phrase, "public health, morals, safety and welfare." The city must have concluded that use of the subject tract for filling station purposes would not be detrimental to the public interest, since the property is within an area wherein filling stations are a permitted use.

As noted in *Valkanet* v. *City of Chicago,* 13 Ill.2d 268, there has been a considerable difference of opinion as to the validity of frontage-consent provisions. In analyzing the Illinois cases on the subject it was there pointed out that the rationale of our holdings was that, "if an ordinance permits a certain percentage of the property owners to impose or create a restriction upon their neighbors' property by the device of consent provisions, such limitation constitutes an invalid delegation of legislative power, but if the consent provision merely waives or modifies a lawful and reasonable legislative restriction or prohibition, it is within constitutional limitations." (p. 272.) Our refusal to uphold frontage consent provisions in most instances has been based on the unconstitutional delegation of legislative power. (See e.g. *People* v. *Friend,* 261 Ill. 16; *Koos* v. *Saunders,* 349 Ill. 442.) Since *Valkanet* we have given the matter further study and feel that the subtle distinction between "creating" and "waiving" a restriction cannot be justified. Each constitutes an invalid delegation of legislative power

where the ordinances, as here, leave the ultimate determination of whether the erection of the station would be detrimental to the public welfare in the discretion of individuals rather than the city.

The plaintiff's right to conduct a legitimate business in a district zoned commercial, in which the contemplated business is permitted, can not be left to the whim and caprice of neighboring owners. The procuring or non-procuring of frontage consents has no bearing upon the public health or welfare, and such a requirement is an unwarranted and unauthorized exercise of the police power.

This is not to say that the city can not impose separate requirements on this property in addition to zoning restrictions. Other ordinances may validly regulate the manner in which a permitted use is carried on, the way in which buildings are erected or maintained, and the like, but such other ordinances must be reasonably designed to insure standards of health and safety. These frontage-consent provisions do not encompass any governmental objects not already included within the scope of the zoning ordinance, as does a building code or health ordinance.

In our opinion the frontage-consent provisions of the ordinances are invalid and unconstitutional. The judgment of the superior court of Cook County is, therefore, reversed.

*Judgment reversed.*