(No. 35420.—

KEVIE SCHWARTZ *et al.*, Appellees, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed March 31, 1960.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, Assistant Corporation Counsel, and ROBERT J. COLLINS, Special Assistant Corporation Counsel, of counsel,) for appellant.

DEUTSCH & PESKIN, of Chicago, (BERNARD M. PESKIN, ARTHUR J. BAER, JR., and SOL A. HOFFMAN, of counsel,) for appellees.

FRANK R. SCHNEBERGER, of Chicago, (FRANK S. RIGHEIMER, JAMES W. COFFEY, and JOHN T. MEHIGAN, of counsel,) for the Board of Education of the City of Chicago, *amicus curiae.*

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

This is an appeal by the city of Chicago from a declaratory judgment of the circuit court of Cook County holding

certain provisions of the zoning, location and frontage-consent ordinances of the city unconstitutional and void as applied to plaintiffs' property. The trial court certified that the validity of municipal ordinances is involved.

Plaintiff Schwartz purchased property fronting 97 feet on Irving Park Road and extending to a depth of 90 feet on Greenview Avenue in Chicago subsequent to the adoption of a comprehensive zoning amendment. By such amendment the property was zoned B-2 (retail district), which excluded filling stations as a permitted use. He proposes to raze the two-story frame dwelling located upon the tract and to construct a gasoline filling station. The property is located less than 200 feet from Lake View High School. While the plans show the proposed underground storage tanks will be more than 200 feet from the school boundary, they also disclose that "pump islands," including connecting pipes and equipment for the handling of gasoline, will be closer than 200 feet.

Plaintiffs contend that the zoning ordinance is unreasonable and void as applied to this property. They further assert that section 127-5 of the Municipal Code of Chicago which prohibits the installation of a tank or equipment for storage and handling of flammable liquids within 200 feet of a school, hospital, church or theatre, and section 40-8 which prohibits the installation of tanks for flammable liquids on a lot when any of its boundaries are within 200 feet of the boundary of any such institution, are unauthorized by the enabling legislation and not applicable to their property. Both sections contain frontage-consent provisions, which were held unconstitutional and void in *Drovers Trust & Savings Bank* v. *City of Chicago,* 18 Ill.2d 476. The location provisions were not affected by the holding of invalidity of the frontage-consent provisions in that case. However, the validity of the location provisions of those sections was questioned in the recent case of *Bulk Petroleum Corp.* v. *City of Chicago,* 18 Ill.2d 383. It was there

held that places where large concentrations of people occur may be given special protection against loss of life or injury from fires that might result from the storage and handling of highly inflammable substances. The opinion stated, at page 385: "To attack the validity of this ordinance as applied to his property, the plaintiff must show that the purpose served by the ordinance is improper or that the means selected are not reasonably suited to effectuate this purpose."

In this case the only testimony relative to the reasonableness of the distances to be maintained from the enumerated public meeting places was that of a former chief of fire prevention of the Chicago Fire Department. He stated that it probably would make a difference whether the filling station was 200 or 500 feet distant, and that in his opinion 100 feet would "make a reasonably safe situation." He finally said, in commenting upon a regulation that storage-tank trucks must be kept more than 200 feet from a school: "I'd like to keep it to a thousand, but I think that as long as we have to do it that a hundred feet would be sufficient."

A captain of the Fire Prevention Bureau testified for the city. He stated that leaks of flammable liquids from underground tanks constitute a threat of explosion, that pooling around an underground leaking tank could extend up to 500 feet, and that leaking gasoline seeps into and travels through sewers to their termination point. He was of the opinion that the greatest hazard in a station is the filling of storage tanks on the premises and the filling of motor vehicles that call there for gasoline; and that it is a distinct hazard to have a great number of people in the immediate vicinity during the filling of underground tanks. He fixed the number of filling station fires in the city during the year 1957 at 92.

The board of education filed a brief as *amicus curiae*,

and a number of persons connected with the school system, as well as experts in the field of public safety and fire prevention, testified. It was established that Lake View High School is one of the large Chicago high schools, housed in a four-story building upon a tract 2 blocks long and one-half block wide. About 2,800 day and 2,600 evening students are enrolled. It is also district headquarters for 14 elementary and 3 high schools with a district enrollment of 25,000. Buses load and unload students along Irving Park, in front of the subject property. Many witnesses testified as to the size of the school operation and the problems which would ensue if a filling station were built practically across the street.

From a review of the evidence there is clearly no showing of an unauthorized exercise of police power in the location provisions of the ordinances. In our opinion they are reasonable safety precautions enforceable as a valid exercise of the police power.

Some evidence was introduced to sustain plaintiffs' argument that the zoning classification which excludes filling stations as a permitted use is unreasonable and void in its application to the subject property. There is little purpose in discussing such evidence in detail in view of our holding that plaintiffs are precluded from using the premises for a filling station by virtue of the location provisions of other ordinances. Evidence of the operation of a filling station across the street west from the school is not impressive since it was located there prior to the adoption of any of the ordinances here involved, including the zoning ordinance of 1942. There is a legitimate difference of opinion concerning the reasonableness of the zoning ordinance, and under such circumstances we will not substitute our judgment for that of the legislative body. *La Salle National Bank* v. *City of Chicago*, 6 Ill.2d 22; *Wehrmeister* v. *County of Du Page*, 10 Ill.2d 604.

We are of the opinion that plaintiffs have not established the invalidity of the location provisions in ordinances of which they complain, nor of the zoning ordinance. The judgment of the circuit court is, therefore, reversed.

*Judgment reversed.*