Clark Oil and Refining Corporation, a Wisconsin Corporation, Plaintiff-Appellee, v. Village of Tinley Park, a Municipal Corporation, et al., Defendants-Appellants.

Gen. No. 53,239.

First District, Third Division.

April 24, 1969.

Matthew J. Beemstrerboer, Brunswick, Beemstrerboer & Jemilo, of Blue Island, and Stanley T. Kusper, Jr., of Chicago, for appellants.

Lyle E. Nelson, of Tinley Park, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, Clark Oil and Refining Corporation, sought a writ of mandamus to compel the defendant, the Village of Tinley Park, to issue a permit to construct a gasoline station. The court issued the writ and the Village appeals. It contends that the court erred in voiding only part of an invalid ordinance and in not finding the plaintiff's application for the permit deficient.

The plaintiff applied for a permit to construct a gasoline filling station in a B-2 business district. In that district, gasoline stations were permitted but the ordinance prohibited the location, construction or maintenance of a station without first obtaining the written consents of the property owners representing a majority of specified frontage property. The plaintiff's application for the permit did not contain the required frontage consents and was denied for that reason.

The plaintiff filed an action for a writ of mandamus. The complaint alleged compliance with all of the requirements of the Village for obtaining the permit except for the frontage consents. This allegation was denied in the defendant's answer. The plaintiff then submitted written interrogatories to the defendant which asked in what respect the plans accompanying the application were defi-

cient. The defendant responded that the Village officials had not inspected the plans because of the failure to obtain frontage consents and that the permit was denied solely because of the lack of the consents.

After receiving this reply, the plaintiff filed a motion for a declaratory judgment. The motion asked the court to declare the frontage consent requirement invalid and to order the Village to process the application for a permit without delay.

A hearing on the motion was held. During it, the defendant admitted the invalidity of the frontage consent requirement but argued that if this part of the ordinance was invalid the whole ordinance granting permission for a gasoline station in a B–2 district was invalid. The court disagreed and stated that the writ would issue. The defendant thereupon interposed the objection that there had been no evidence as to the sufficiency of the application but the court replied, "You never raised that; that is not before me." The writ was then issued.

The defendant moved for a new trial. It raised again the two issues: the invalidation of the whole ordinance and the insufficiency of the plaintiff's application. The court granted the motion and a new hearing was held—at which the defendant offered to produce a member of the Village board to testify as to the intent of the Village in passing the ordinance. The court refused this offer. The plaintiff introduced evidence relative to the completeness of its application. This evidence, on direct and cross-examination, revealed some deficiencies. The court ruled that the question of the sufficiency of the application had been abandoned but conceded that the plaintiff would have to submit a complete and proper application before it was entitled to the permit; nevertheless the court ordered the issuance of an unconditional writ of mandamus directing the Village to grant the permit.

On appeal, as in the trial court, the defendant admits that the frontage consent requirement is invalid. It con-

tends, however, that the language of the ordinance indicates that the part of the ordinance creating zoning for gasoline stations would not have passed without the provision requiring the obtention of frontage consents. It also contends that the evidence it offered to introduce— testimony from a member of the Village board which passed the ordinance—would have shown that the board would not have granted permission for the stations without the accompanying restriction.

■ ■ The offer of proof was properly rejected. Legislative intent must be sought primarily from the language used in an ordinance and where the intent can be ascertained it must prevail without resort to other aids of construction. Berwyn Lumber Co. v. Korshak, 34 Ill2d 320, 215 NE2d 240 (1966); Mid-South Chemical Corp. v. Carpentier, 14 Ill2d 514, 153 NE2d 72 (1958); Burke v. Industrial Commission, 368 Ill 554, 15 NE2d 305 (1938). In the present case the legislative intent can be ascertained from the language of the ordinance itself.

The ordinance imposed the following restriction in reference to gasoline stations in a B-2 business district:

". . . No person shall locate, construct, or maintain any filling station (except filling stations in existence or under construction at the time of passage of this Ordinance) in connection with which there is installed any tank for the storage of flammable liquids on any lot or plot of ground without first obtaining the written consents of the property owners representing the majority of the total frontage in feet of any lot or plot of ground lying wholly or in part within lines one hundred fifty (150) feet distant from and parallel to the boundaries of the lot or plot of ground where any tank for the storage of flammable liquids is to be installed. . . ."

■ Where the portions of an ordinance are so connected with one another that the court cannot say that the legislative body would have passed the remaining

part without the invalid part, the entire act is void, otherwise it is not. Lee v. Retirement Board of Policemen's A. & B. Fund, 31 Ill2d 252, 201 NE2d 361 (1964); People ex rel. Holland Coal Co. v. Isaacs, 22 Ill2d 477, 176 NE2d 889 (1961); City of Elmhurst v. Buettgen, 394 Ill 248, 68 NE2d 278 (1946). The issue here is the severability of the grant of permission for filling stations and the imposition of the frontage consent restriction. In the case of Drovers Trust & Savings Bank v. City of Chicago, 18 Ill2d 476, 165 NE2d 314 (1960) is pertinent to this issue. The case of Drovers Trust involved an area zoned for business purposes in which a filling station was a permitted use. However, ordinances prohibited the installation of storage tanks of flammable materials and the issuance of a license for a filling station without first obtaining the written consents of the owners of a majority of the applicable frontage property. The plaintiff failed to obtain the necessary consents and the permit was denied. The plaintiff then filed a suit for declaratory judgment asking the court to declare the frontage consent requirement invalid as to its property. The court held the provision invalid because it constituted an unconstitutional delegation of legislative power which would leave the ultimate determination of whether stations would be detrimental to the public welfare to the discretion of the neighboring owners. Despite the invalidity of this provision, however, the court enforced the rest of the ordinances which permitted the use of the property for gasoline stations. In the course of its opinion, the court said, "The city must have concluded that use of the subject tract for filling station purposes would not be detrimental to the public interest, since the property is within an area wherein filling stations are a permitted use." See also Valkanet v. City of Chicago, 13 Ill2d 268, 148 NE2d 767 (1958); Koos v. Saunders, 349 Ill 442, 182 NE 415 (1932).

█ The present case involves an area zoned for business purposes in which filling stations were to be per-

65

mitted and, like the Drovers Trust case, the ordinance imposes a frontage consent requirement. The frontage consent provision is invalid but the rest of the ordinance granting permission to use the property for filling station purposes is independent of it and may be separately enforced. The consent requirement has no relation to the public interest but only to the private interests of nearby property owners. The specific allowance of gasoline stations in the B–2 district shows that the Village itself considered the use of property for such purposes consistent with the interests of the community.

The defendant's remaining contention is that the court should have denied the writ of mandamus because the application for the permit, apart from the lack of frontage consents, was deficient. It claims that this issue was raised by the pleadings and never abandoned during the course of the proceedings. The defendant's answer did deny the plaintiff's allegation that the application except for frontage consents was complete; however, the defendant's response to the plaintiff's interrogatories said that the only reason that the permit was denied was the failure to comply with the frontage consent requirement. The response further stated that the officials of the Village had not even inspected the plans with respect to their compliance with the building code in view of the failure to obtain frontage consents. While this response was not an admission of the sufficiency of the application, it certainly could have misled the plaintiff and the judge into thinking that the only issue before the court was the validity of the frontage consent requirement.

 It does not matter, however, whether the defense of the sufficiency of the application was or was not abandoned for, in either event, the court, having found that the plaintiff was entitled to the mandamus writ on the frontage consent issue, should have made the writ conditional upon the plaintiff's complete compliance with the other regulations of the building code. The plaintiff

is not entitled to a permit unless and until its application meets these regulations, but its failure to correct the admitted deficiencies in its application was the fault of the defendant. The latter's denial of the application for the sole reason that it did not meet the frontage consent requirement made the correction of the other deficiencies futile. These minor shortcomings could have been corrected and, according to the plaintiff, would have been had not the permit been refused for just the one reason. The judgment of the court should have afforded the plaintiff the opportunity of correcting the shortcomings and should have directed the Village to issue a permit upon their correction.

The court properly invalidated the frontage consent requirement and enforced the rest of the ordinance, but the court erred in issuing a writ of mandamus which unconditionally ordered the Village to grant the plaintiff's application. The judgment will be reversed and remanded with directions to issue a writ of mandamus directing the Village to process the plaintiff's application and to issue a permit if and when it complies with the remaining regulations of the ordinance.

Reversed and remanded with directions.

SULLIVAN, P. J. and SCHWARTZ, J., concur.