THE PEOPLE *ex rel.* DONALD G. ROTHMUND, Plaintiff-Appellee, *v.* JAMES B. CONLISK, JR., *et al.*, Defendants-Appellants.

(No. 60054; )

First District (4th Division)—November 12, 1975.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert R. Retke, Assistant Corporation Counsel, of counsel), for appellants.

Martin D. Coughlan, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Relator, Ronald G. Rothmund, brought this action for a writ of mandamus to compel defendants to pay him salary for a 30-day period during which he was suspended from his position as a patrolman in the Chicago Police Department and to expunge said suspension from his record. After a trial on the merits, the court found for relator and defendants appeal.

The issues presented for appeal are (1) whether the summary suspension of a police officer by the Superintendent of Police for a period not exceeding 30 days is subject to judicial review, and (2) whether under the attendant circumstances the relief sought invades the province of defendant's discretion and thereby precludes the issuance of a writ of mandamus.

The facts which gave rise to this cause are uncontroverted. In October of 1970 Officer Rothmund was called as a defense witness in the second

trial of Richard Nuccio for the crime of murder. Nuccio's conviction in his first trial had been reversed on appeal. During the course of the trial, the Internal Affairs Division of the Chicago Police Department ordered Rothmund to appear before it and give a statement and submit to polygraph examinations. Nuccio's defense counsel brought this matter to the attention of Judge Buoscio who was presiding over the trial. Judge Buoscio then entered an order directing Rothmund to make no statement or comment concerning the trial until the conclusion of the case. The trial resulted in a guilty verdict on October 23, 1970, and the court imposed sentence on November 30, 1970.

On December 7, 1970, Rothmund's Police Department superiors directed him to submit to a polygraph examination. He refused to take the examination and cited Judge Buoscio's order as his reason. As a result of his refusal, Rothmund was suspended for 30 days by the Superintendent of Police.

Defendants first contend that the summary suspension of a police officer by the Superintendent of Police for a period not exceeding 30 days is not subject to review. In support of their argument defendants rely on section 10—1—18.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18.1). The section reads in part as follows:

> "Nothing in this Section limits the power of the superintendent to suspend a subordinate for a reasonable period, not exceeding 30 days."

Defendants argue that the above statute expressly grants the superintendent an unrestricted power to suspend for periods not exceeding 30 days. We are not in accord.

Defendants rely heavily on the decision in *Clark v. Morris*, 99 Ill.App. 2d 24, 240 N.E.2d 515, and claim that the facts therein are similar. In *Clark* plaintiff sought to declare unconstitutional a similar act permitting the suspension of a police officer for 30 days without pay. Plaintiff claimed that the summary suspension power violated his constitutional right to due process of law since there was no requirement in the act for notice and an opportunity to be heard. No such contention is made in the case at bar, and that case is not in point.

Moreover, *Clark* expressly recognizes that the suspension power is not without limitation. *Clark* cites *People ex rel. Lasser v. Ramsey*, 23 Ill.App.2d 100, 161 N.E.2d 690, to demonstrate that administrative abuse of the suspension power is subject to judicial review. In that case an employee under City Civil Service was suspended for 30 days, reinstated for one day, suspended for 30 days and so forth. The suspension power was granted under an act almost identical to the one at bar. In a mandamus action the court held that the power to make repeated suspensions on the same charge was not contemplated by the act.

■■ We recognize that under usual circumstances the suspension power is a matter properly within the sound discretion of the superintendent. Indeed, the need for internal discipline is manifest and the courts cannot and should not disrupt the efficient and effective administration of government. Nevertheless, it is clear that the instant act does not contemplate an arbitrary, unlimited and unrestricted suspension power. In *People v. Illinois State Toll Highway Commission*, 3 Ill.2d 218, 120 N.E.2d 35, the plaintiff challenged the constitutionality of an act making the highway commission's determinations conclusive and not subject to review. The Illinois Supreme Court stated:

> "We construe this section as being limited to *discretionary* matters as long as the administrative body exercises its powers within the confines of its statutory authority. Recourse to the courts is not denied where bad faith, fraud, corruption, manifest oppression or a clear abuse of discretion enters into the commission's determinations; the presence of any of these conditions will give ready access to the courts." (3 Ill.2d 218, 233, 120 N.E.2d 35, 43.)

Thus, in accordance with the express views of our Supreme Court, we hold that the power of the Superintendent of Police to punish by suspension of 30 days without pay is reviewable by the courts where an allegation is made that the exercise of said power transgresses statutory authority or constitutes a clear abuse of discretion.

The record indicates that on December 7, 1970, the Superintendent of Police directed relator to submit to a polygraph examination. That directive was entered one week after sentencing in the Nuccio case and two weeks prior to the time notice of appeal had been filed. Since neither term time had run nor notice of appeal had been filed, Judge Buoscio retained jurisdiction of the cause as of that date. Accordingly, relator was obliged to comply with Judge Buoscio's order to refrain from comment or statement. We hold, as did the trial court, that under the attendant circumstances, the order of the Superintendent of Police constituted a clear abuse of discretion.

■■ We likewise reject defendants' contention that a writ of mandamus was improperly issued because it sought to control the discretion of a public officer. The Superintendent of Police has no discretion to compel another's noncompliance with a judicial mandate. Accordingly, he has no power to suspend an officer for obedience to judicial orders. Numerous decisions of this court hold that mandamus is a proper remedy to correct such abuses.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.