THE PEOPLE *ex rel.* WILLIAM JAWORSKI, Plaintiff-Appellant, *v.* HARRY P. JENKINS *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 76-1276

Opinion filed January 10, 1978.

Elliot M. Samuels, of Samuels & Weininger, of Chicago, for appellant.

Samelson & Knickerbocker, of Des Plaines (George S. Knickerbocker, of counsel), for appellees.

Mr. JUSTICE PUSATERI delivered the opinion of the court:

Plaintiff-appellant William Jaworski, a police officer employed by the Village of Elk Grove Village, investigated a traffic accident in the Village on April 5, 1975. During the course of the investigation, he fired his pistol and wounded Timothy Engelson, the driver of one of the vehicles involved in the accident.

In 1975, Engelson commenced a separate suit for damages against Officer Jaworski, the Village, and the Police and Fire Commission of the Village. At the time of this appeal, the conduct of plaintiff and of the other persons involved in the accident and the shooting were under investigation by the appropriate officials of the Village.

On April 5, 1975, subsequent to the shooting incident, the defendant-appellee, Harry P. Jenkins, Chief of Police of Elk Grove Village, requested that Officer Jaworski surrender his weapon and badge pending final disposition of the investigation, and placed Officer Jaworski on inactive duty. Officer Jaworski has received his full salary as a police officer of the Village, and at no time was he suspended without pay.

On March 23, 1976, Officer Jaworski filed a complaint in mandamus against Chief Jenkins and Charles Zettek, President of the Board of Trustees of Elk Grove Village, praying that the defendants reinstate him to active duty as a patrolman of Elk Grove Village. After defendants filed their answer, both plaintiff and defendants moved for summary judgment and submitted memoranda and affidavits in support of their respective motions. On June 23, 1976, the trial court entered an order placing plaintiff on active duty with badge and uniform, but without gun, to perform duties that do not require a weapon, such as clerical duties, and the court further ordered that within thirty days of the completion of the lawsuit filed by Timothy Engelson or at such earlier time as decided by Chief Jenkins, plaintiff shall be returned to full duty or charged before the Police and Fire Commission for conduct in connection with the shooting incident.

Plaintiff returned to active duty on June 28, 1976, in compliance with the trial court's order. On July 16, 1976, he filed his notice of appeal, requesting that the order of the trial court as it pertains to his use of his service revolver and the provisions respecting a hearing before the Police and Fire Commission, be vacated.

■■ As a general principle of law, it can be stated that the writ of mandamus is not a writ of right, and is to be awarded only in rare instances where none of the ordinary remedies is available or adequate. (*Hughes v. Kiley* (1977), 67 Ill. 2d 261, 266, 367 N.E.2d 700.) It is to be awarded or refused in the exercise of judicial discretion, and such discretion must be exercised according to legal principles. The mere presence of a petitioner's right may not furnish a basis for its issuance. (*People ex rel. Harrison v. Kelly* (1945), 391 Ill. 136, 138, 62 N.E.2d 705.) Our supreme court, in its consideration of the issue of discretion, has stated that:

> "In the exercise of its discretion, the court looks to existing facts and views the whole case with due regard to the consequences of its action. [Citation.] In *People ex rel. Stettauer v. Olsen*, 215 Ill. 620, it was said: '* * * Courts, in the exercise of the discretion with which they are vested, may, in view of the consequences attendant on the issuing of a writ of *mandamus*, refuse the writ, though the petitioner has a clear legal right for which *mandamus* is a proper remedy.' [Citations.]" *People ex rel. Harrison*, 391 Ill. 2d 136, 138-39.

"Mandamus will lie to command performance of an official act which is ministerial." (*People ex rel. Richter v. Telford* (4th Dist. 1968), 103 Ill. App. 2d 132, 134, 242 N.E.2d 464; see *People ex rel. City of Urbana v. Paley* (1977), 68 Ill. 2d 62, 78, 368 N.E.2d 915.) "[W]here performance of an official duty or act invokes the exercise of judgment or discretion, the

officer's action is not subject to review or control by mandamus. [Citation.]" (*People ex rel. Rappaport v. Drazek* (1st Dist. 1975), 30 Ill. App. 3d 310, 314, 332 N.E.2d 532.) However, the writ may issue to prevent a discretionary power from being exercised with manifest injustice or to prevent an abuse of discretion. *People ex rel. Rothmund v. Conlisk* (1st Dist. 1975), 34 Ill. App. 3d 76, 78, 339 N.E.2d 290; *People ex rel. Shell Oil Co. v. City of Chicago* (1st Dist. 1972), 9 Ill. App. 3d 242, 245-46, 292 N.E.2d 84; *Lenert v. Wilson* (1st Dist. 1965), 56 Ill. App. 2d 325, 332-33, 206 N.E.2d 294.

■■ In the instant case, the trial court considered the affidavits submitted by plaintiff and defendant Chief Jenkins in support of their respective motions for summary judgment. The affidavit of plaintiff's counsel states that the Elk Grove Village Police Department's investigation of the incident had been completed by April 9, 1975, yet plaintiff had not received a notice of charges nor a response to letters sent February 17 and March 3, 1976, which letters requested reinstatement or hearing. Plaintiff's affidavit states that since his removal from active duty, he has suffered from severe depression and anxiety, for which he was required to see his physician who had prescribed medication for him. Defendant Chief Jenkins' affidavit states that an incomplete investigation has been frustrated by the Engelson litigation. Further, he denies knowledge of plaintiff's severe depression and receipt of medical care for same and states that plaintiff has refused to discuss the matter. Considering all of these circumstances, we believe it would have been manifestly unjust and an abuse of Chief Jenkins' discretion to continue plaintiff's inactive duty status. We fail to see how the continuation of that status would promote the discipline and efficiency of the Elk Grove Village Police Department. (*Humbles v. Board of Fire & Police Commissioners* (2d Dist. 1977), 53 Ill. App. 3d 731, 368 N.E.2d 1049.) The trial court did not act improperly in ordering plaintiff's reinstatement to active duty.

■■ It has been uniformly held that a court, in its sound discretion, may scrutinize the equities of the parties and condition the issuance of its writ. (*Clark Oil & Refining Corp. v. Village of Tinley Park* (1st Dist. 1969), 110 Ill. App. 2d 61, 249 N.E.2d 140; *Hagemann v. Chicago Great Western Ry. Co.* (2d Dist. 1954), 2 Ill. App. 2d 401, 119 N.E.2d 523, *appeal denied* (1954), 3 Ill. 2d 627.) Thus, in the case at bar, the trial court, while ordering the plaintiff's reinstatement to active duty, properly imposed reasonable conditions on said reinstatement. The trial court properly took into consideration that the plaintiff was suffering from severe depression and anxiety, and being cognizant of the potential consequences of a person in such condition occupying the position of a police officer, the trial court correctly conditioned his access to a lethal weapon and to being

placed in the position of day-to-day contact with residents of the Village. The court properly required that the reinstatement be confined to duties which do not require a weapon, such as clerical duties, and in this manner the plaintiff was able to return to work in uniform with his badge to perform an assignment at full pay and compensation. We note further that defendant Chief Jenkins did not prosecute a cross-appeal, thus accepting the trial court's order of reinstatement and the conditions therein as being compatible with any restrictions he himself in his discretion may have imposed.

Plaintiff-appellant also contends that the portion of the trial court's order pertaining to the filing of charges before the Police and Fire Commission could conceivably require him to forego a hearing for several years and defendant Chief Jenkins would thus be guilty of laches in filing any charges. Recently, this court has stated:

> "* * * Our Supreme Court has defined laches as '* * * such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity.' (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 552, 147 N.E.2d 341, 344; cited and applied in *Slatin's Properties, Inc. v. Hassler* (1972), 53 Ill. 2d 325, 291 N.E.2d 641.) * * *'" *Murphy v. Rochford* (1st Dist. 1977), 55 Ill. App. 3d 695, 371 N.E.2d 260.

In *Monroe v. Civil Service Com.* (2d Dist. 1965), 55 Ill. App. 2d 354, 204 N.E.2d 486, the court was confronted with a fire department lieutenant's contention that the City of Waukegan was guilty of laches in bringing charges that ultimately resulted in his discharge. He was charged with having sexual intercourse at his assigned fire station with one Laura Gonzalez. The City first learned of the charges on September 15, 1959, on complaint by Ms. Gonzalez, at which time it issued a 30-day suspension. It brought the charges before the Civil Service Commission on December 5, 1961, delaying the claim due to the pendency of a paternity suit brought by Ms. Gonzalez.

In *Monroe*, the court defined laches in a manner similar to the aforementioned, and continued as follows:

> "* * * [Laches] is thus, principally, a question of the inequity of permitting a claim to be enforced when, during the delay in asserting the right, there has been a change in condition of the subject matter or relation of the parties resulting in a disadvantage to the party against whom the claim is asserted. Freymark v. Handke, 415 Ill. 360, 366, 367, 114 N.E.2d 349 (1953); Trustees v. Skaggs, 280 Ill. App. 125, 139 (3rd Dist. 1935)." (*Monroe*, 55 Ill. App. 2d 354, 357.)

The court ruled that whether laches will operate as a bar depends on the

particular facts and circumstances of the case, and it may arise where the voluntary delay prevents the trier of fact from arriving at a fair conclusion, as where evidence has been lost or obscured or conditions have so changed as to make enforcement of the alleged right inequitable. (*Monroe*, at 358.) The court considered that the lieutenant remained in the department with pay throughout the delay, and concluded that there was no change in the subject matter of the suit, or in the relation of the parties resulting in a disadvantage to the lieutenant, and that there was no loss or obscurity in the evidence.

A delay of 39 to 44 months in bringing charges for discharge of a policeman has been held to be prejudicial where the factual disputes involved were solely dependent upon recollection. (*Mank v. Board of Fire & Police Commissioners* (5th Dist. 1972), 7 Ill. App. 3d 478, 288 N.E.2d 49.) A delay of 11 to 32 months did not constitute laches where the discharged policeman offered no evidence that he was prejudiced by the delays of the cause or that the factual disputes were solely dependent upon recollection. *Forberg v. Board of Fire & Police Commissioners* (1st Dist. 1976), 40 Ill. App. 3d 410, 352 N.E.2d 338.

In the case at bar, the affidavit of plaintiff's counsel states that by April 9, 1975, written statements were obtained from four of the six persons who were in the vehicles, that statements were obtained from two bystanders, that written statements were obtained from plaintiff and written reports from all involved police officers, and that various physical evidence was gathered, inventoried, and analyzed. Further, that Timothy Engelson's complete deposition was taken on March 24, 1976, and that subsequent thereto, counsel for defendants Jenkins and Zettek secured an additional statement from Engelson. Plaintiff's affidavit relates that he gave a written statement to the Village attorney on April 14, 1975.

■■ These affidavits substantiate that if charges are filed, the factual disputes, if any, will not depend solely on recollection. The only continuing disadvantage to the plaintiff until the Police and Fire Commission renders its decision will be his inability to carry his service revolver and perform duties that require a weapon. Under the particular facts and circumstances of this case, we find that the portion of the trial court's order pertaining to the filing of charges before the Police and Fire Commission was not prejudicial, and that laches will not bar defendant Chief Jenkins from filing charges based on the incident, if filed within the limitations imposed by the trial court's order.

On February 15, 1977, this court took with the case appellee's motion to dismiss this appeal, and on April 26, 1977, this court took with the case appellee's motion to strike appendix and points 1 and 2 of appellant's reply brief. In view of the conclusion we have reached in this cause, said motions are hereby denied.

For the aforementioned reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.