BETTY L. LAKIN, Plaintiff-Appellant, v. THE CITY OF PEORIA *et al.*, Defendants-Appellees.

Third District   No. 3—84—0163

Opinion filed December 31, 1984.

Thomas E. Leiter, of Leiter, Leiter & Sahn, of Peoria, for appellant.

No brief filed for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This appeal concerns the validity of section 2—6.2013 of the permanent zoning ordinance of the city of Peoria. (Peoria, Ill., Code, app. B, sec. 2—6.2013 (1969).) The plaintiff, Betty L. Lakin, filed a complaint for declaratory judgment asking the circuit court of Peoria County to declare certain portions of section 2—6.2013 void. The plaintiff also sought a writ of *mandamus* to compel Roberto Rosado, senior zoning enforcement officer and designate of the director of community development of the city of Peoria, to approve her application for consent for two-family dwelling. The plaintiff appeals from the trial court's order holding that the ordinance was valid and constitutional in all respects.

We note initially that the defendants have not filed briefs on appeal. It is well established, however, that where the record is simple and the court of review can easily decide the claimed errors without an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The facts pertinent to this appeal are as follows. The plaintiff owns certain property in Peoria and resides there. The property is improved with a two-story structure and is located in an R-1 low-density residential district. In January of 1982, the city of Peoria filed a complaint against the plaintiff alleging that she was in violation of section 2—6.5003 of the ordinance (Peoria, Ill., Code, app. B, sec. 2—6.5003 (1969)), in that she was using her property for a more-than-one-family dwelling and that her lot contained less than 7,500 square feet. Section 2—6.5003 provides that each two-family dwelling must be erected on a lot having an area of not less than 7,500 square feet.

Pursuant to an agreement reached by the parties in May of 1982, the plaintiff entered a plea of guilty to the complaint. In addition, the city of Peoria agreed not to prosecute the plaintiff further until the Zoning Board of Appeals (Board) made a final decision on a request to be filed by the plaintiff for a variance in lot area. The plaintiff filed an application with the Board requesting a variance in the 7,500 square feet lot area requirement. The Board granted the plaintiff's application and requested that she submit a "Consent for Two-Family Dwelling" application form.

Under the Peoria zoning ordinance, two-family dwellings are per-

mitted uses within R-1 districts. However, in addition to meeting the lot area requirement, section 2—6.2013 provides that, before the location of a two-family dwelling will be approved, the applicant must obtain the written consent of all owners of property touching, adjoining, or abutting the applicant's property. The plaintiff submitted a "Consent for Two-Family Dwelling" application form, but was unable to obtain the consent of the property owners to the east of her property.

Since the consent provision of section 2—6.2013 was not met, the city, acting through its senior zoning enforcement officer, Roberto Rosado, denied the plaintiff's application. She was notified that, as a result of the denial, her property would be inspected by the city to insure that it was not in violation of section 2—6.1000 of the ordinance (R-1 low-density residential districts). (Peoria, Ill., Code, app. B, sec. 2—6.1000 (1969).) The plaintiff then filed her complaint in this cause seeking declaratory judgment and *mandamus* without pursuing any administrative remedies available to her.

The plaintiff's first contention is that she was not required to apply for a variance or for rezoning prior to instituting this cause in the circuit court.

■ The general rule is that where relief is sought from an ordinance on the ground that it is invalid in its terms, prior application for administrative relief is unnecessary. However, where it is claimed that the ordinance is unlawful and void merely as applied to a particular piece of property, and not that the ordinance is invalid as a whole, judicial relief is appropriate only after available administrative remedies have been exhausted. (*Bright v. City of Evanston* (1956), 10 Ill. 2d 178, 184-85, 139 N.E.2d 270, 274.) Here, the challenge made by the plaintiff is to the constitutionality of the terms of section 2—6.2013 and not to the manner in which it is applied to her property. We hold, therefore, that the plaintiff was not required to exhaust her administrative remedies.

■ The plaintiff's second contention is that the requirement in section 2—6.2013 that she obtain the consent of all the owners of property touching, adjoining, or abutting her property is an unconstitutional delegation of legislative authority.

Section 2—6.2013 provides in part that:

> "Locations for two-family dwellings on lots in subdivisions platted prior to August 17, 1971, and having the herein minimum square footage requirement for two-family dwellings shall be approved by the director of the community development or his designate. Before such approval can be given, the owner of such proposed two-family lot shall obtain the written approval

of (1) the owners of property touching, adjoining, or abutting the proposed two-family lot ***." Peoria, Ill., Code, app. B, sec. 2—6.2013 (1969).

In *Valkanet v. City of Chicago* (1958), 13 Ill. 2d 268, 272, 148 N.E.2d 767, 769-70, *overruled in part by Drovers Trust & Savings Bank v. City of Chicago* (1960), 18 Ill. 2d 476, 165 N.E.2d 314, the Illinois Supreme Court stated that "if an ordinance permits a certain percentage of the property owners to impose or create a restriction upon their neighbors' property by the device of consent provisions, such limitation constitutes an invalid delegation of legislative power, but if the consent provision merely waives or modifies a lawful and reasonable legislative restriction or prohibition, it is within constitutional limitations." The supreme court later held that this subtle distinction between "creating" and "waiving" a restriction could not be justified since each constitutes an invalid delegation of legislative power. *Drovers Trust & Savings Bank v. City of Chicago* (1960), 18 Ill. 2d 476, 478, 165 N.E.2d 314, 315.

The ordinance in *Drovers* required the written consent of property owners representing a majority of the frontage within a prescribed distance of a proposed gas station before storage tanks could be installed and before a license would be issued for the station. The court held that the procuring of frontage consents had no bearing on the public health or welfare, and such a requirement was an unwarranted and unauthorized exercise of the police power.

In the instant case, section 2—6.2013 leaves the ultimate determination of whether a two-family dwelling will be detrimental to the public welfare to the whim and caprice of neighboring property owners rather than to a reasoned decision by the city. We hold, therefore, that the consent provision in section 2—6.2013 has no bearing on the public health, safety or welfare and that it constitutes an invalid delegation of legislative power.

■ The plaintiff's third contention is that the requirement in section 2—6.2013 that locations for two-family dwellings on lots in subdivisions platted prior to August 17, 1981, be approved by the director of community development or his designate is an unlawful delegation of power.

The plaintiff's lot is located in a subdivision which was platted prior to August 17, 1981, and so use of the lot for a two-family dwelling required the approval of Roberto Rosado, the designate of the director of community development. During cross-examination, Rosado testified that his decision whether to approve an applicant's proposed location for a two-family dwelling was not reviewed by the planning

commission or by the city council. The plaintiff argues that giving one person, Rosado, the authority to designate specific property for a particular use constitutes an abdication of legislative authority.

The case of *Village of Arlington Heights v. Schroeder* (1975), 28 Ill. App. 3d 1, 328 N.E.2d 74, is controlling. In *Schroeder*, property owners were required to obtain a permit from the director of health services in order to be exempt from the local weed-abatement ordinance. The court stated that the fault of the ordinance lay not in the grant of discretion to the director but in its failure to impose any standards by which he was to be guided. The court held that this failure rendered the ordinance an unlawful delegation of legislative authority.

In the present case, the zoning ordinance does impose standards to guide the director or his designate in deciding whether to approve proposed locations for two-family dwellings. The ordinance provides that applications for a use permitted with approval (*i.e.*, two-family dwellings), are to be processed in conformity with the standards specified in sections 2—29.4001 through 2—29.4011. (Peoria, Ill., Code, app. B, secs. 2—29.4001 through 2—29.4011 (1969).) We hold, therefore, that the discretion given to the director or his designate to approve proposed locations for two-family dwellings is not an unlawful delegation of legislative authority.

■ The plaintiff's fourth contention is that the provisions in section 2—6.2013 relating to subdivisions platted prior to August 17, 1971, are unconstitutionally vague.

The test for determining whether an ordinance is unconstitutionally vague is whether men of ordinary intelligence must guess at its meaning. (*Queenwood East Sheltered Care Home, Ltd. v. Village of Morton* (1981), 94 Ill. App. 3d 51, 56, 418 N.E.2d 472, 476.) If there is a doubt as to the construction to be given to a particular provision in an ordinance, the doubt must be resolved in favor of an interpretation which supports the ordinance. *S. Bloom, Inc. v. Korshak* (1972), 52 Ill. 2d 56, 64, 284 N.E.2d 257, 262-63.

Section 2—6.2013 provides in part that:

> "The number of existing two-family lots and those that have been designated as two-family lots can be zero but shall not exceed ten (10) per cent of the total of all lots within the subdivision." (Peoria, Ill., Code, app. B, sec. 2—6.2013 (1969).)

In regard to this 10% limitation, the plaintiff correctly notes that section 2—6.2013 does not define the terms "lot" or "subdivision." However, we believe that both terms have commonly understood meanings and that section 2—6.2013 is not rendered unconstitutionally vague.

In addition, the plaintiff argues that section 2—6.2013 is unconstitutionally vague in that the total number of lots within a subdivision for purposes of the 10% limitation can be increased or decreased by the filing of amendatory subdivision or resubdivision plats. For example, at trial, the plaintiff submitted two subdivision plats of the property in question with each containing a different number of lots. However, we find that as to subdivisions platted prior to August 17, 1971, the total number of lots within a subdivision, for purposes of the 10% limitation, is to be determined by referring to the most recent subdivision plat on file at the time the applicant requests the approval of the director or his designate. We believe it is possible to so construe section 2—6.2013, without doing violence to the spirit or language of the ordinance, as to render it constitutional.

■ The plaintiff's final contention is that the unconstitutional provisions in section 2—6.2013 are severable from other provisions in that section of the ordinance.

"The fact that part of a statute or ordinance may be unconstitutional does not authorize the courts to declare the remainder void unless the provisions of the void part are so connected in subject matter and so entwined with the other provisions, each being so dependent upon the other, that it cannot reasonably be presumed that the remainder would have been passed without the passage of the invalid part or section." *Father Basil's Lodge, Inc. v. City of Chicago* (1946), 393 Ill. 246, 260-61, 65 N.E.2d 805, 814.

Section 2—33.1000 of the permanent zoning ordinance provides that if any provision of the ordinance is declared to be invalid, it should not affect the validity of the ordinance as a whole or any part of it, other than the part declared to be invalid. (Peoria, Ill., Code, app. B, sec. 2—33.1000 (1969).) We note that the consent provision was not part of section 2—6.2013 when the permanent zoning ordinance was adopted in 1969. Instead, the consent provision was added through an amendment to section 2—6.2013 in 1980. Prior to that amendment, two-family dwellings were allowed in R-1 low-density residential districts without an applicant having to obtain the written consent of neighboring property owners.

In light of the above, we find that the consent provision in section 2—6.2013 is not an integral or essential part of the ordinance and that the other provisions in section 2—6.2013 are entirely independent of it. See *Clark Oil & Refining Corp. v. Village of Tinley Park* (1969), 110 Ill. App. 2d 61, 249 N.E.2d 140.

■ As to the plaintiff's request for a writ of *mandamus*, we note the following. Her application for consent for two-family dwelling was

denied solely because she had not obtained the written consent of all the owners of property touching, adjoining, or abutting the proposed two-family lot. Thus, there is no evidence in the record as to whether the provision in section 2—6.2013, limiting the number of two-family dwelling lots to 10% of the total of all the lots contained in a subdivision, has been met. Therefore, the plaintiff does not have a clear legal right at this time to have her application approved.

For the foregoing reasons, we find that the consent provision in section 2—6.2013 is unconstitutional. In that regard, the judgment of the circuit court of Peoria County is reversed. In addition, this cause is remanded with directions that the circuit court issue a writ of *mandamus* directing the city of Peoria to process the plaintiff's application and to approve the application if the application complies with the remaining provisions in section 2—6.2013. See *Clark Oil & Refining Corp. v. Village of Tinley Park* (1969), 110 Ill. App. 2d 61, 249 N.E.2d 140.

Reversed and remanded with directions.

BARRY and STOUDER, JJ., concur.